18950

Billy Warren ADAMS and Sarah Walker Adams, Appellants, v. Anne Adams MILLER and George L. Miller, Respondents.

(169 S. E. (2d) 391)

*Robert B. Wallace, Esq.,* of Charleston, *for Appellants,*

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Respondents,*

*Robert B. Wallace, Esq.,* of Charleston, *by Supplemental Brief, for Appellants,*

*Messrs. Moore, Mouzon & McGee,* of Charleston, *by Supplemental Brief, for Respondents,*

August 18, 1969

*Per Curiam.*

In this custody action the trial court had the awesome and delicate task of determining, in their best interests, the custody of two little girls, aged 4 and 7 respectively, at the time of the final order of the lower court in May 1967. When the case reached us on appeal at the December 1968 term, this court was faced with the equally difficult task of determining whether the appellant father had sustained the burden of showing that the trial court had erred in its disposition of the controversy. By a majority opinion, heretofore filed, the order of the trial court was reversed by this court, but before remittitur a rehearing was granted and the cause again fully argued before this court. As a result, the majority and dissenting opinions, heretofore filed on February 20, 1969, are withdrawn and the following is published as the opinion of the court.

Billy Warren Adams, father of the children, and their mother, Anne Claire Vandenbold Adams (now Miller) were divorced in the State of Virginia and the final decree in that action, dated December 16, 1965, granted custody of the children to the mother. The father promptly remarried and instituted the present action against the mother in May 1966, alleging that she was morally unfit to have the custody and that the best interests of the children would be served by granting custody to him. Subsequent to the commencement of the instant action the mother remarried and the present spouses of both the father and the mother were joined as additional parties by order of the trial court.

Following a *pendente lite* hearing, the trial court granted temporary custody of the children to the father until a final hearing could be held, but reserved visitation rights to the mother. The record in the case was largely compiled in extended hearings in the month of June 1966, but, on November 23, 1966, a final hearing on the merits was held. The final order, from which the father appeals, granted custody of the two little girls to the mother during the normal school years; gave the father custody during a six week period during each summer vacation, and also provided for the father to have them for a portion of each Christmas vacation. In addition, certain visitation rights on the part of the father and his present wife, at other times, were provided for in detail.

The appellant father and the respondent Miller are both career military officers and the record reflects that at the time of the final order of the trial court all parties to the action and the children whose custody is here involved had long since departed from the State of South Carolina. It is the understanding of this court that they are still distantly situated.

It is well settled that the welfare of the children, and what is for their best interests, is the primary, paramount and controlling consideration in all controversies between parents as to their custody. The record in the instant case

is reasonably susceptible of more than one inference as to what truly is in the best interests of the children, and there is not unanimity of opinion among the members of the court thereabout, but we are in accord as to the disposition hereinafter made.

More than two years have now elapsed since the final order of the trial court, and more than three years have passed since the record was, for the most part, compiled. The court is without the benefit of any recent or contemporary information as to how the present arrangement, under the final order of the trial court, is serving the interests of the children. While the custody of children is always to some extent subject to re-examination, we have reached the conclusion that, under all of the circumstances here present, this court, with deep concern for the welfare of the children, should not at this time either affirm or reverse the order of the lower court. To the end that any ultimate conclusion as to what is in the best interests of the children be reached in the light of any pertinent events occurring since the compilation of the record, the cause is remanded with leave to the parties to proceed further herein as they may be advised. Since, however, all parties have long since departed from the State of South Carolina, this remand shall not be construed to prevent the trial court from considering, under the doctrine of *forum non conveniens,* whether or not it should retain jurisdiction of any further proceedings herein. In this connection see 20 Am. Jur. (2d), Courts, Secs. 172, *et seq.;* 21 C. J. S., Courts, § 77; Annotation 9 A. L. R. (3d) 545; *Goodwine v. Superior Court of Los Angeles County,* 63 Cal. (2d) 481, 47 Cal. Rptr. 201, 407 P. (2d) 1 (1965). The remand is also without prejudice to the rights of the parties to resort to any other court otherwise having jurisdiction of the custody of the children.

While not affirmed, the order of the lower court shall, of course, remain in full force and effect unless and until modified in some subsequent proceeding.

Remanded.