[Civ. No. 28220. First Dist., Div. One. Oct. 20, 1970.]

GREAT NORTHERN RAILWAY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ELEANOR V. CURTIN, as Administratrix, etc., Real Party in Interest.

**COUNSEL**

Crosby, Heafey, Roach & May, Edwin A. Heafey, Jr., and Burton Mason for Petitioner.

No appearance for Respondent.

Hildebrand, McLeod & Nelson and Clifton Hildebrand for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—Petitioner Great Northern Railway Company (Great Northern) seeks a peremptory writ of mandate directing the Alameda County Superior Court to dismiss an action upon the ground of *forum non conveniens.* The superior court had previously denied a motion to dismiss based upon the same ground.

The record of the superior court now before us discloses the following.

The principal place of business of Great Northern is St. Paul, Minnesota. It has general offices in the State of Washington at Seattle and Spokane. The company operates over 1,310 miles of trackage in that state. In California it has about 63 miles of single track running from the Oregon border to Bieber in Lassen County. Freight only is carried over the California system, which connects with the Western Pacific Railroad, and over which 10 or 12 freight trains travel each way each week. The company also maintains "off-line" offices in California for solicitation of business.

George F. Gibson was employed by Great Northern as a freight train brakeman. He resided with his wife in Spokane, Washington. On August 29, 1969, Mr. Gibson, while performing his duties as brakeman, came into col-

lision with a side girder of a bridge on Great Northern's main line between Wenatchee and Spokane, as a result of which he died instantly.

His sole survivor and heir is his widow who has continued to reside in Spokane. She employed the Alameda County law firm of Hildebrand, McLeod and Nelson to commence a wrongful death action against Great Northern under the Federal Employer's Liability Act (Title 45 U.S.C. § 51 et seq.). That firm thereupon secured the appointment of its employee, Eleanor V. Curtin, as California administratrix of the estate of Mr. Gibson. Thereafter Hildebrand, McLeod and Nelson, acting as attorneys for the administratrix, filed in Alameda County the action from which these mandate proceedings have arisen. Eleanor V. Curtin is a resident of the County of Alameda and State of California. (She will hereinafter be described as plaintiff.) At least 10 persons with knowledge of the circumstances of the accident, all of whom live in or near Spokane, Washington, will necessarily be called as witnesses at the trial. Neither party will call any resident of California as witness.

Save for the cause of action against Great Northern Mr. Gibson left no estate in California. In Alameda County a superior court jury case ordinarily reaches trial in not less than 18 months after it is at issue. In the United States District Court at Spokane, Washington, such a trial is reached about 90 days after issue, while in the Superior Court of the State of Washington for Spokane County an action will reach jury trial from 4 to 6 months after issue is joined. The statute of limitations for commencement of Federal Employer's Liability Act actions in Washington will not have run until August 29, 1972 (Title 45 U.S.C. § 56). The cost of a California trial to Great Northern will be $5,000 more than if it were to be held in Washington.

It is conceded that under the Federal Employer's Liability Act an action may be filed in any state where a defendant railroad company "resides," or where the cause of action arose, or in which it may be doing business at the time of the commencement of the action (Title 45 U.S.C. § 56). Since Great Northern was doing business in California at the time of the subject action, its *venue* was properly laid in that state, which became vested with *jurisdiction* over both the subject matter of the action and its parties. The heavy emphasis by plaintiff that California has such *jurisdiction* is misdirected and irrelevant to the issues before us. The concept of *forum non conveniens* is quite different from that of venue or jurisdiction. ■ As was said in *Price* v. *Atchison, T. & S.F. Ry. Co.,* 42 Cal.2d 577, 580 [268 P.2d 457, 43 A.L.R.2d 756], and *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501 [91 L.Ed. 1055, 67 S.Ct. 839], "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."

The doctrine has been variously defined. *Leet* v. *Union Pac. R.R. Co.*, 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008], states: "The rule of *forum non conveniens* is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere." In *Canada Malting Co.* v. *Paterson Co.*, 285 U.S. 413, 423 [76 L.Ed. 837, 842, 52 S.Ct. 413], Mr. Justice Brandeis wrote, "Courts of equity and of law occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or nonresidents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal." Fifteen years later the same court wrote (*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 507 [91 L.Ed. 1055, 1062]): "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself." Recently the Judicial Council of California, in its "1969 Annual Report to the Governor and the Legislature" spoke of the doctrine in this manner: "The various bases of judicial jurisdiction recognized under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution establish the outermost limits beyond which a state court may not exercise its judicial jurisdiction. Within those limits, the owner of a transitory cause of action will often have a wide choice of forums in which to bring his action. Some of these forums may have little relation either to the parties or to the cause of action, and suit in them may increase greatly the burden to the defendant of making a defense. Under the doctrine of inconvenient forum, a court, even though it has jurisdiction, will not entertain the suit if it believes that the forum of filing is a seriously inconvenient forum for the trial of the action. But in such instances a more appropriate forum must be available to the plaintiff."

■ The doctrine of *forum non conveniens* is firmly established in the law of California. (See *Thomson* v. *Continental Ins. Co.*, 66 Cal.2d 738 [59 Cal.Rptr. 101, 427 P.2d 765]; *Goodwine* v. *Superior Court,* 63 Cal.2d 481 [47 Cal.Rptr. 201, 407 P.2d 1]; *Price* v. *Atchison, T. & S.F. Ry. Co.*, *supra,* 42 Cal.2d 577; 1 Witkin, Cal. Procedure (1954) pp. 441-442.) The principle has now been codified, effective July 1, 1970, as Code of Civil Procedure section 410.30. That section states: "When a court upon motion

of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

In proper cases the doctrine will be applied to actions commenced, as here, under the Federal Employer's Liability Act. The United States Supreme Court in *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501 [91 L.Ed. 1055], holds such an application to be in no way invasive of constitutional or other federal principles. The California Supreme Court also, in *Price* v. *Atchison, T. & S.F. Ry. Co., supra,* 42 Cal.2d 577, 583, perceived "no reason why the doctrine should not be available in this state, upon a proper showing and without discrimination against either noncitizens of California or against [Federal Employer's Liability Act] cases."

In *Price* v. *Atchison, T. & S.F. Ry. Co., supra,* under the Federal Employer's Liability Act, a New Mexico resident, in a California court, sued a Kansas railroad corporation doing business in New Mexico and California, for damages for negligence occurring in New Mexico. The witnesses, approximately 18 in number, resided in New Mexico. Some probably could not attend the California trial, with a consequent burden on the railroad company "to present their testimonies by deposition, at the loss of the effectiveness of their personal appearance as witnesses." The probable extra cost to the defendant of a California trial was $4,650. The Supreme Court, directing attention to the constitutional and federal permissiveness announced by *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501 [91 L.Ed. 1055], held the doctrine of *forum non conveniens* to be applicable.

Whether or not *forum non conveniens* shall be applied rests in the sound discretion of the trial court. Unless the balance weighs strongly in favor of the defendant, the plaintiff's choice of a forum will rarely be disturbed. (See *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062]; *Price* v. *Atchison, Topeka & S.F. Ry. Co., supra,* 42 Cal.2d 577, 584-585.) Nevertheless, the exercise of such discretion may not be arbitrary; it must be exercised in conformity with the spirit of the law and in a manner to subserve and not impede the ends of substantial justice. (See *Silver* v. *Shemanski,* 89 Cal.App.2d 520, 529 [201 P.2d 418].) Where the balance does weigh heavily in a defendant's favor it becomes the court's duty to apply the doctrine.

Plaintiff offers the authority of *McGovern* v. *Philadelphia & Reading Ry. Co.* (1914) 235 U.S. 389 [59 L.Ed. 283, 35 S.Ct. 127], *American R.R. Co.* v. *Birch* (1911) 224 U.S. 547 [56 L.Ed. 879, 32 S.Ct. 603], *Leet* v. *Union Pac. R.R. Co., supra,* 25 Cal.2d 605, *Estate of Waits* (1944) 23 Cal.2d 676 [146 P.2d 5], in support of her claim that the doctrine of *forum non coveniens* is inapplicable to Federal Employer's Liability Act actions.

These authorities, if, and to the extent that, they are inconsistent with the later authority of *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501 [91 L.Ed. 1055], and *Price* v. *Atchison, Topeka & S.F. Ry. Co., supra,* 42 Cal.2d 577, must be deemed disapproved by such decisions. *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, and *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, do not, as plaintiff contends, modify the rule of *Price* v. *Atchison, Topeka & S.F. Ry. Co., supra.* As pertinent here, those cases do no more than make clear that the *domicile of the plaintiff in California* ordinarily precludes that state from applying the doctrine.

Next, plaintiff urges that the superior court's decision was reasonably based on the following considerations: (1) she (the administratrix of Mr. Gibson's estate) is a resident of the County of Alameda and of the State of California; (2) Great Northern does business in California; (3) "treating doctors" are available in California; and (4) the real party in interest[1] should be entitled to the attorneys of her choice. An analysis of these points discloses little, if any, merit.

 It is, as noted, established law that the principle of *forum non conveniens* will not ordinarily apply when the plaintiff is a resident of the state where the action is brought. (*Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738; *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481.) But that rule is wholly inapplicable where the plaintiff is the *resident administrator of the estate of a nonresident decedent.* (See *Thomson* v. *Continental Ins. Co., supra,* p. 743; *Atchison, Topeka & Santa Fe Ry. Co.* v. *District Court* (Okla.) 298 P.2d 427; *Giles* v. *Western Air Lines,* 73 F.Supp. 616, 617-618; 35 C.L.R. 413-414.) In *Giles* v. *Western Air Lines, supra,* it was stated: "Plaintiff is unable to suggest any reason why the action should be tried in this jurisdiction, except that the plaintiff administratrix, an employee of the attorney who commenced the action, resides here. Obviously, the administratrix has no interest in the outcome of this lawsuit. Her appointment as special administratrix by the Probate Court of this county is admitted. She merely enters the case as a means whereby her employer, the attorney for the heirs and beneficiaries, could, for his own convenience, institute the action in this jurisdiction. She is merely the nominal plaintiff. Her residence in this District should have no weight in the scale which the Court must examine as to the equities which are presented on this motion, and upon which it must exercise its discretion. At the most, it would seem that her residence is a factor of relatively little consequence. Every other factor, circumstance, and convenience is to be found in support of the application of the doctrine. No prejudice is made to appear if the heirs and beneficiaries

---

[1]In this opinion the term "real party in interest" will refer to Mr. Gibson's widow.

of the deceased are required to try their lawsuit in the forum where the accident happened. . . ." (P. 617.)

Similarly the fact that Great Northern does some business in this state is entitled to scant consideration. It is that fact alone on which California *venue* was based, and without a valid venue there can be no call for the application of *forum non conveniens*. In *Price* v. *Atchison, T. & S.F. Ry. Co., supra,* 42 Cal.2d 577, where the defendant probably conducted more business in California than in any other state, the doctrine was held to be applicable. It was said, "The principle of *forum non conveniens* is simply that a court may resist imposition on its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." (Pp. 580-581.) And as said in *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 504 [91 L.Ed. 1055, 1060], "Indeed the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue."

Although in her argument below plaintiff urged "the availability of treating doctors" in California, it is obvious since Mr. Gibson suffered instant death in the accident that there were no treating doctors.

To allow the beneficiary of a cause of action to obtain and *retain* foreign jurisdiction simply by reaching across a number of states in selecting "the attorney of her choice" would enfeeble, if not destroy, the legitimate purpose of the doctrine here under consideration. Such permissiveness would obviously be unreasonable. It is not the law.

Certain other considerations, although not argued, are suggested by the record before us. The convenience of counsel for the plaintiff may not be given weight by the court; this is conceded by plaintiff. Nor may the probability, if such exists, that courts and juries in large metropolitan areas will be more generous in their awards be considered. (See discussion, *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 509-510 [91 L.Ed. 1055, 1062-1063].)

Several authorities[2] have announced legitimate factors to be considered by the court in determining whether the doctrine of *forum non conveniens* should be applied. We set forth a composite of these considerations, with our conclusion whether the facts of the instant case as applied to the several factors, operated affirmatively, neutrally or negatively as support for Great Northern's motion to dismiss.

---

[2](*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508-509 [91 L.Ed. 1055, 1062]; *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485; *Price* v. *Atchison, T. & S.F. Ry. Co., supra,* 42 Cal.2d 577, 584-586; 1969 Report of Judicial Council of California, p. 93; 21 Hastings L.J. 1245.)

1. The amenability of the defendant to personal jurisdiction in the alternative forum. *Affirmatively*. Great Northern may readily be served with process, and sued, in Washington.

2. The relative convenience to the parties and witnesses of trial in the alternative forum. *Affirmatively*. The real party in interest and all witnesses reside in Washington. Obviously the convenience of Great Northern would be served by a Washington trial.

3. The differences in conflict of law rules applicable in this state and in alternative forum. *Neutrally*. It does not appear that either party might be prejudiced or even inconvenienced by such rules.

4. The principal place of business of the defendant. *Affirmatively*. The principal place of business of Great Northern is Minnesota and it carries on extensive business operations in Washington.

5. Whether the situation, transaction or events out of which the action arose exists, occurred in, or had a substantial relationship to this state. *Affirmatively*.

6. Whether any party would be substantially disadvantaged in having to try the action (a) in this state or (b) in the forum in which the moving party asserts it ought to be tried. *Affirmatively*.

7. Whether any judgment entered in the action would be enforceable by process issued or other enforcement proceedings undertaken in this state. *Neutrally*. A judgment rendered in either state could be readily satisfied.

8. Whether witnesses would be inconvenienced if the action were prosecuted (a) in this state or (b) in the forum in which the moving party asserts it ought to be prosecuted. *Affirmatively*. Obviously the convenience of the Washington witnesses would be served by a trial in that state.

9. The relative expense to the parties of maintaining the action (a) in this state and (b) in the state in which the moving party asserts the action ought to be prosecuted. *Affirmatively*. To Great Northern a California trial would be more expensive by $5,000; a substantial saving to plaintiff would undoubtedly result from a Washington trial.

10. Whether a view of premises by the trier of fact will or might be necessary or helpful in deciding the case. *Affirmatively*. Consideration of the nature of the accident indicates a view of the premises in Washington might be necessary or helpful.

11. Whether prosecution of the action will or may place a burden on the courts of this state which is unfair, inequitable or disproportionate in view of

the relationship of the parties or of the cause of action to this state. *Affirmatively*.

12. Whether the parties participating in the action have a relationship to this state which imposes upon them an obligation to participate in judicial proceedings in the courts of this state. *Affirmatively*.

13. The interest, if any, of this state in providing a forum for some or all of the parties to the action. *Affirmatively*.

14. The interest, if any, of this state in regulating the situation or conduct involved. *Affirmatively*.

15. The avoidance of multiplicity of actions and inconsistent adjudications. *Affirmatively*. Individual joint tortfeasors, if any, who presumably do not reside in California could only be reached by a separate action.

16. The relative ease of access to sources of proof. *Affirmatively*.

17. The availability of compulsory process for attendance of witnesses. *Affirmatively*. California process may not compel attendance of Washington witnesses.

18. The relative advantages and obstacles to a fair trial. *Affirmatively*. A fair trial would be better assured in the locale of the accident and of the evidence.

19. The public interest in the case. *Affirmatively*. There may be such public interest in and around Spokane, Washington; there is none in California.

20. Whether administrative difficulties and other inconveniences from crowded calendars and congested courts are more probable in the jurisdiction chosen by plaintiff. *Affirmatively*.

21. Whether imposition of jury duty is imposed upon a community having no relation to the litigation. *Affirmatively*.

22. The injustice to, and burden on, local courts and taxpayers. *Affirmatively*.

23. The difficulties and inconvenience to defendant, to the court, and to jurors hearing the case, attending presentation of testimony by depositions. *Affirmatively*.

24. Availability of the forum claimed to be more appropriate. *Affirmatively*. The statute of limitations, as indicated, will not run on the instant cause of action until August 29, 1972 (see Title 45 U.S.C. § 56).

25. The other practical considerations that make trial of a case convenient, expeditious and inexpensive. *Affirmatively.*

Weighing the several factors which should have guided the trial court's discretion it becomes apparent that the failure to apply the doctrine of *forum non conveniens* was an abuse of discretion. There was a complete absence of any showing that the legitimate interests of the widow and beneficiary of Mr. Gibson's estate will be served by a trial in Oakland, California. Upon the uncontroverted facts, the ends of justice and fairness require that the action be tried in Washington where the accident occurred and where the real party in interest and the witnesses reside.

Let the peremptory writ of mandate issue.

Molinari, P. J., and Sims, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 17, 1970. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.