[Civ. No. 36105. First Dist., Div. Four. Mar. 17, 1976.]

SHELBY SCOTT BROWN, a Minor, etc., Plaintiff and Appellant, v. CLOROX COMPANY, INC., et al., Defendants and Respondents.

## Counsel

Manza, Moceri, Gustafson, Narigi & Messina, John Wynne Herron and Richard P. Hill for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Peter W. Davis, John A. Reding, and Cyril Viadro for Defendants and Respondents.

## OPINION

KEANE, J.*—This is an appeal by plaintiff Shelby Scott Brown, a minor, from an order of the Superior Court of Alameda County staying plaintiff's action in that court pending initiation of proceedings in a more appropriate forum.

Plaintiff filed a complaint against defendants Clorox Company, Inc., Jiffee Chemical Corporation, and Lucky Stores, Inc., in the Superior Court of Alameda County. Plaintiff sought to recover damages for personal injuries sustained by virtue of ingestion of a product manufactured and sold by defendants. Exemplary damages in the sum of $2 million were also asked for upon the ground that defendants had prior knowledge of the toxicity of the product and its accessibility to children. Defendants appeared specially and moved to dismiss the complaint pursuant to Code of Civil Procedure sections 410.30 and 418.10 on the grounds of *forum non conveniens.* Defendants also sought "an order determining that the law of the State of Washington is applicable to this case."

Following a hearing, the lower court concluded that "[t]he State of California and County of Alameda and their courts do not provide a convenient forum for the prosecution of the within matter" and ordered that plaintiff's action be stayed pending the initiation of proceedings in a more appropriate forum. The order further provided that plaintiff's action "will be dismissed on ex parte application on proof being given to the satisfaction of the court that a general appearance has been made by all defendants . . . in the proceeding hereafter to be brought in such appropriate forum."

The order was made conditional upon defendants' acceptance of service of process in the appropriate forum and waiver of any right to attorneys' fees.[1]

Plaintiff Shelby Scott Brown resides with his parents Harry and Meridel Brown in Tacoma, Washington. On November 23, 1970, plaintiff, who was then two years of age, opened and drank part of the

---

*Assigned by the Chairman of the Judicial Council.

[1]The long-arm statute of the State of Washington provides that "[i]n the event the defendant is personally served outside the state . . . and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."

contents of a bottle of Liquid-plumr, a drain cleaner, which his mother had placed on a kitchen counter. It is alleged that the child suffered severe internal injuries requiring extensive medical treatment and resulting in permanent disability and disfigurement. The drain cleaner had been purchased a few days earlier by Mrs. Brown at a Lucky Store in Tacoma.

The Liquid-plumr product was manufactured by defendant Jiffee Chemical Corporation, a wholly owned subsidiary of defendant Clorox Company, Inc.[2] At the time of the accident, Clorox was an Ohio corporation, but it has since been incorporated under the laws of California with its principal place of business in Oakland, California. Jiffee is an Indiana corporation, with its principal office in Indianapolis. Both companies were apparently doing business in the State of Washington at the time of the incident.[3] Defendant Lucky Stores, Inc., is a California corporation with its principal place of business in the County of Alameda. It was also doing business in Washington at the time of the accident.

On March 22, 1974, plaintiff filed his complaint in the Superior Court of Alameda County, seeking to recover damages on negligence, breach of warranty and strict liability theories. In granting defendants' motion pursuant to Code of Civil Procedure section 410.30 and ordering that plaintiff's action be stayed pending initiation of proceedings in a more appropriate forum the trial court said: "The State of California and County of Alameda and their courts do not provide a convenient forum for the prosecution of the within matter and the State of Washington does provide a suitable and convenient forum therefor, for the reasons, among others, of relative convenience to witnesses, disadvantage to litigants, the unreasonable and possibly unsupportable burden on the courts if the place of manufacture were to be accepted as the appropriate forum in actions involving mass produced products widely distributed over major portions of the country, the relative interest of the states in

---

[2]The place of manufacture of the bottle of Liquid-plumr in question is uncertain; at the time of plaintiff's accident the product was being manufactured and packaged in several plants located throughout the country. The product has subsequently been reformulated and repackaged; it is now apparently less toxic and carries a "child-proof" cap. The new product was developed by Clorox at its Oakland office.

[3]Plaintiff asserts that Clorox and Jiffee had withdrawn from doing business in the State of Washington prior to the accident. However, defendants state that they do "extensive business in Washington." It is clear that Lucky Stores was doing business in Washington at all relevant times. In any event, plaintiff concedes that Washington could acquire personal jurisdiction over all defendants by operation of its long-arm statute.

providing a forum and the interest of the state in regulating the conduct involved, the relative ease of access of proof, the availability of compulsory process for the attendance of witnesses and the fact that the two forums are otherwise equally available."

■ The doctrine of the inconvenient forum is basically "an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere." (*Leet* v. *Union Pac. R. R. Co.,* 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008]; *Hadler* v. *Western Greyhound Racing Circuit,* 34 Cal.App.3d 1, 5 [109 Cal.Rptr. 502]; see also *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501, 507 [91 L.Ed. 1055, 1062, 67 S.Ct. 839], wherein the Supreme Court declared that "[t]he principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.") ■ The doctrine was judicially accepted in California in 1954 (*Price* v. *Atchison, T. & S. F. Ry. Co.,* 42 Cal.2d 577, 583-584 [268 P.2d 457, 43 A.L.R.2d 756]), and was recently given statutory recognition by the enactment of section 410.30 of the Code of Civil Procedure, which provides in pertinent part as follows: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

■ It is now established in this state that a trial court has no discretion to dismiss an action upon the ground of *forum non conveniens* where the plaintiff is a resident of this state. (*Archibald* v. *Cinerama Hotels,* 15 Cal.3d 853 [126 Cal.Rptr. 811, 544 P.2d 947].) "This limitation of the *forum non conveniens* doctrine does not rest on any conclusion derived from a balancing of conveniences; it reflects an overriding state policy of assuring California residents an adequate forum for the redress of grievances. [Citations omitted.]" (*Id.,* at p. 859.)

The case at bench, however, involves a stay rather than a dismissal, and a nonresident plaintiff and resident defendants. Therefore, the policy consideration enunciated by the Supreme Court in *Archibald* is not applicable here. The issue in the instant case is whether the trial

court abused its discretion in staying plaintiff's action, that is, whether substantial evidence was presented to support the trial court's order.[4]

In addition to residence of the parties, various factors have been deemed significant in determining whether the trial court should exercise its discretion to decline jurisdiction. (See *Great Northern Ry. Co.* v. *Superior Court,* 12 Cal.App.3d 105, 112-115 [90 Cal.Rptr. 461]; Judicial Council comment to Code Civ. Proc., § 410.30.) ■ The trial court should weigh and balance all relevant factors in determining which forum is the more convenient. (*Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d 853, at p. 860.)

It is recognized that a plaintiff's choice of forum should not be disturbed except for weighty reasons, that in the ordinary case there is more than one forum available to a plaintiff all of which are appropriate, and that one of such appropriate forums in the case of a corporate defendant is the state of its incorporation or principal place of business. (Judicial Council comment to Code Civ. Proc., § 410.30, and cases cited therein.) Here, it was established that all three respondents had and have their principal place of business in Alameda County, that Clorox and Lucky are California corporations, and that Jiffee is a wholly owned "paper" subsidiary of Clorox.

■ We commence, then, with the proposition that plaintiff's choice of forum should not be disturbed. However, respondents assert that their showing in the court below was sufficient to establish "weighty reasons" for the disturbance of plaintiff's choice of forum.

As respondents note, it has been held that the mere fact of a defendant's incorporation in the forum state, in itself, does not give that state any real connection with the controversy so as to require that court to retain jurisdiction. However, the cases so holding carefully point out that within the context of their facts, although defendants were incorporated in the forum state, their connection was tenuous at best, were actually not carrying on business there, and the forum state had no real connection with the controversy. It is further said that a motion under *forum non conveniens* should be denied when there is a relevant

---

[4]The scope of appellate review was an issue in *Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d 853. However, the Supreme Court concluded that the trial court had no discretion to *dismiss* and had not yet exercised its discretion to *stay* the suit. The court, therefore, chose not to consider the issue of the scope of appellate review. (*Archibald,* at p. 860, fn. 8.)

connection between the litigation and the forum chosen. (See, e.g., *Gore* v. *United States Steel Corp.* (1954) 15 N.J. 301 [104 A.2d 670, 675-676, 48 A.L.R.2d 841]; *Giseburt* v. *Chicago, Burlington & Quincy Railroad Co.* (1963) 45 Ill.App.2d 262 [195 N.E.2d 746, 748]; *Vargas* v. *A. H. Bull Steamship Co.* (1957) 44 N.J.Super. 536 [131 A.2d 39].) Here, there is more than a tenuous connection between respondents and their business activity and this state, and there is a relevant connection between the litigation and this state.

As another ground in support of the trial court's order, respondents urge that the inconvenience and additional cost in bringing witnesses to this state compel a conclusion that Washington is an appropriate forum and California is an inappropriate forum. Witnesses to the purchase of the product, plaintiff's accident and his ensuing injuries and subsequent medical treatment are all located in the State of Washington. These witnesses are witnesses plaintiff will be compelled to call in order to establish his cause of action. If there is any disadvantage or additional expense in bringing these witnesses to California, plaintiff appears to be willing to shoulder this burden. We see no cause for respondents to complain on this score.

Witnesses to the formulation, manufacture, packaging and labeling of the product are apparently either in Indiana or California. Obviously, if the lawsuit is tried in California, there can be no inconvenience or additional expense as to witnesses located in this state. Equally obviously, there can be no real difference in convenience or expense for Indiana witnesses whether the trial takes place in California or Washington.

Respondents emphasize that a view of the premises where the accident occurred is available only in Washington. However, respondents fail to give any real reason why photographs, diagrams or models would not adequately portray the scene for the jury.

Appellant seeks punitive damages in his action. Such damages are contrary to the public policy of the State of Washington. (*Maki* v. *Aluminum Bldg. Products,* 73 Wn.2d 23, 25 [436 P.2d 186].) Respondents argue that the California court, in having to determine whether Washington or California law applies on the issue of punitive damages, would become involved in a conflict of laws problem and that avoidance of conflict of laws problems is a consideration in determining whether to dismiss or stay proceedings upon *forum non conveniens* grounds. (*Price* v. *Atchison, T. & S. F. Ry. Co., supra,* 42 Cal.2d 577, 585; *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d 105, 113.) A motion was

made below by respondents seeking "an order determining that the law of the State of Washington is applicable to this case." This motion is still pending in the trial court. Deciding the point raised by the motion is no more difficult nor complex than the making of any decision on a point raised by any other motion. Conceding that the existence of a conflict of laws problem is relevant to an inquiry as to the applicability of the *forum non conveniens* doctrine, the situation here is not of the type which would embroil the courts of this state in a conflict of laws problem to such an extent that, for that reason, the doctrine of *forum non conveniens* should necessarily be applied.

In its reasons for staying the proceedings, the court below emphasized: ". . . the unreasonable and possibly unsupportable burden on the courts if the place of manufacture were to be accepted as the appropriate forum . . . involving mass produced products widely distributed over major portions of the country. . . ." Every lawsuit tried places a burden upon the courts, but at least one of the functions of courts is to try lawsuits. The Judicial Council Comment to Code of Civil Procedure section 410.30, in regard to this factor states: "A court should weigh the following factors: . . . 9. Whether prosecution of the action will or may place a burden on the courts of this state which is unfair, inequitable or disproportionate in view of the relationship of the parties or of the cause of action to this state." In the case before us, the relationship of the respondents to this state, and the activities of those respondents in the manufacturing, processing, packaging, labeling, distributing and selling of products in this state and sending those products from this state to other states, does not lead to a conclusion that prosecution of this action in this state would "place a burden on the courts of this state which is unfair, inequitable or disproportionate."

It is said that the State of Washington has the overriding interest in the trial of this case since plaintiff is a resident of that state. However, under all of the circumstances shown, California has an equal interest, and indeed, a responsibility, to provide a forum for this plaintiff.

Basically, we have here a plaintiff filing a lawsuit in this state against companies incorporated in this state who maintain their principal place of business here, and, it is claimed, so conduct themselves in this state so as to cause injury to others in another state. Under these circumstances,

we conclude that it was an abuse of discretion to stay these proceedings on the ground of *forum non conveniens.*

The order of the trial court is reversed.

Rattigan, Acting P. J., and Christian, J., concurred.