[Civ. No. 15731. Third Dist. June 23, 1976.]

OUTBOARD MARINE CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent;
CORINNE E. BOYD et al., Real Parties in Interest.

COUNSEL

Johnson, Greve, Clifford & Diepenbrock, Claire H. Greve and Lawrence A. Wengel for Petitioners.

No appearance for Respondent.

Rusten & Armenis, David C. Rust and David I. Brown for Real Parties in Interest.

## OPINION

**EVANS, J.**—Petitioners, Outboard Marine Corporation (OMC) and William L. France, seek a peremptory writ of mandate directing the respondent Sacramento County Superior Court to dismiss an action upon the ground of *forum non conveniens.* The superior court heretofore denied a similar motion.

The record reveals the following pertinent facts:

OMC is a Delaware corporation with its principal place of business in Waukegan, Illinois. OMC also does business in all 50 states and has a resident agent for service of process in both California and Wyoming; Cushman Motors, named in a wrongful death proceeding brought in Sacramento County by the real parties in interest, is a division of OMC, not a separate legal entity. The type of machine here involved, a Cushman Trackster, was manufactured in Lincoln, Nebraska, from 1970 to 1973, and thereafter, in Manawa, Wisconsin. William L. France, a resident of Sonoma County, California, one of the individually named defendants in the wrongful death proceeding, is one of seven sales managers for OMC. His employment with OMC began in 1969, and at the time of the accident resulting in Boyd's death, his sales area encompassed California, Arizona, Nevada, Washington, Oregon, Hawaii, Alaska, and the Canadian provinces of British Columbia, Alberta, Saskatchewan and the Northwest and Yukon territories. Wyoming is not and has not been a part of his sales territory. France was not involved with any sales to decedent's business; he did not have knowledge of the facts and circumstances surrounding the accident and was not involved in any way with the design, research, development, or manufacture of the trackster. France obviously was named as a nominal defendant because of his California residence. His appearance in the

wrongful death proceeding does not affect the disposition of the challenge to the forum.

The factual situation relating to France's residence in California is easily distinguished from the factual circumstances of *Brown* v. *Clorox Co.* (1976) 56 Cal.App.3d 306 [128 Cal.Rptr. 385]. In *Brown*, the possibility that the manufacture and packaging of the toxic material may have been in California was raised. In addition, the defendant corporations had their principal place of business in California. Such factors applied to France are not here involved.

Neal Otis Boyd, deceased, had been a Cushman dealer in Newcastle, Wyoming. In 1970, while operating a trackster in Newcastle, Boyd suffered fatal injuries. His widow and surviving heirs are all residents of Wyoming; they employed the Sacramento law firm of Rust & Armenis to commence a wrongful death action against OMC. The law firm secured the appointment of its employee, Esma Hewlett, a resident of California, as administratrix of the estate of Boyd in California and thereafter in her behalf filed the action from which these mandate proceedings arise. Except for the asserted cause of action against OMC, Boyd's estate (hereafter plaintiff) does not have assets in California.

In this proceeding, we are not concerned with questions of venue or jurisdiction. ■ The concept of *forum non conveniens* is different and distinct from the concept of jurisdiction. " 'The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.' " (*Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577, 580-581 [268 P.2d 457, 43 A.L.R.2d 756].)

The doctrine is well established in California (see *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738 [59 Cal.Rptr. 101, 427 P. 765]; *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481 [47 Cal.Rptr. 201, 407 P.2d 1]; *Price* v. *Atchison, T. & S. F. Ry. Co., supra,* 42 Cal.2d 577; *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 109 [90 Cal.Rptr. 461]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 258, p. 798), and has now been codified in Code of Civil Procedure section 410.30. That section provides in part: "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Code of Civil Procedure section 418.10 permits a defendant, on

or before the last day of his time to plead, to serve and file a notice of motion to stay or dismiss the action on the ground of inconvenient forum. These two provisions are here applicable.

In *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853 [126 Cal.Rptr. 811, 544 P.2d 947], the court, although placing limitations upon the application of the doctrine to California residents, stated at page 859: "[T]he exceptional case which justifies the dismissal of a suit under the doctrine of *forum non conveniens* is one in which California cannot provide an adequate forum or has no interest in doing so. *Examples would include cases in which no party is a California resident (Price v. Atchison, T. & S. F. Ry. Co., supra*, 42 Cal.2d 577) *or in which the nominal California resident sues on behalf of foreign beneficiaries or creditors.*" (Fns. omitted.) (Italics added.)

The court in *Great Northern Ry. Co.* v. *Superior Court, supra*, 12 Cal.App.3d 105 further explicates the substance of the doctrine at page 109 as follows: "The doctrine has been variously defined. *Leet* v. *Union Pac. R.R. Co.*, 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008], states: 'The rule of *forum non conveniens* is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere.' In *Canada Malting Co.* v. *Paterson Co.*, 285 U.S. 413, 423 [76 L.Ed. 837, 842, 52 S.Ct. 413], Mr. Justice Brandeis wrote, 'Courts of equity and of law occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or nonresidents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal.' Fifteen years later the same court wrote (*Gulf Oil Corp.* v. *Gilbert, supra*, 330 U.S. 501, 507 [91 L.Ed. 1055, 1062]): 'The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.' Recently, the Judicial Council of California, in its '1969 Annual Report to the Governor and the Legislature' spoke of the doctrine in this manner: 'The various bases of

judicial jurisdiction recognized under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution establish the outermost limits beyond which a state court may not exercise its judicial jurisdiction. Within those limits, the owner of a transitory cause of action will often have a wide choice of forums in which to bring his action. Some of these forums may have little relation either to the parties or to the cause of action, and suit in them may increase greatly the burden to the defendant of making a defense. Under the doctrine of inconvenient forum, a court, even though it has jurisdiction, will not entertain the suit if it believes that the forum of filing is a seriously inconvenient forum for the trial of the action. But in such instances a more appropriate forum must be available to the plaintiff.' "

■ "Whether or not *forum non conveniens* shall be applied rests in the sound discretion of the trial court. Unless the balance weighs strongly in favor of the defendant, the plaintiff's choice of a forum will rarely be disturbed. (See *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062]; *Price* v. *Atchison, Topeka & S. F. Ry. Co., supra,* 42 Cal.2d 577, 584-585.) ■ Nevertheless, the exercise of such discretion may not be arbitrary; it must be exercised in conformity with the spirit of the law and in a manner to subserve and not impede the ends of substantial justice. (See *Silver* v. *Shemanski,* 89 Cal.App.2d 520, 529 [201 P.2d 418].) *Where the balance does weigh heavily in a defendant's favor it becomes the court's duty to apply the doctrine."* *(Id.,* at p. 110.) (Italics added.)

Plaintiff contends the trial court's decision was reasonably based upon considerations of convenience of witnesses and lack of ease of access to the Wyoming court. She suggests that her counsel previously caused tests to be conducted on a Cushman Trackster in California; the tests were accomplished in connection with a Sacramento County proceeding predicated upon a trackster accident which had occurred in California. Counsel for plaintiff asserts that his local expert witness, developed through that private testing, will be inconvenienced by the Wyoming forum. It is also contended that there is little or no difference in cost of travel for OMC and its employees or agents between their offices in Nebraska and Sacramento or Newcastle, Wyoming. Plaintiff further argues that weather conditions in and around Newcastle are severe enough to make it an inconvenient forum for all parties.

Such arguments in opposition to the application of the doctrine of *forum non conveniens* totally miss their mark.

The residence of the administratrix is of relatively little consequence. She is merely a nominal plaintiff. She enters the case as a means for her employer to institute the action in this jurisdiction; the case was commenced in Sacramento for the employer's convenience and the convenience of his expert witness. From the record it appears overwhelmingly that every other factor and circumstance supports the application of the doctrine. The heirs and beneficiaries of the deceased have not been shown to be threatened with any prejudice if the lawsuit is instituted and tried in the forum where the accident happened, the state of their residence.

The fact that OMC conducts business in this state is also of little consequence except to endow the state with jurisdiction. As the court in *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d at page 112 stated, "It is that fact alone on which California *venue* was based, and without a valid venue there can be no call for the application of *forum non conveniens.* . . . And as said in *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 504 [91 L.Ed. 1055, 1060], 'Indeed the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue.'

". . . . . . . . . . . . . . . . . . .

"To allow the beneficiary of a cause of action to obtain and *retain* foreign jurisdiction simply by reaching across a number of states in selecting 'the attorney of her choice' would enfeeble, if not destroy, the legitimate purpose of the doctrine here under consideration. Such permissiveness would obviously be unreasonable. It is not the law." (Italics in original.)

In Sacramento County, a superior court jury case ordinarily reaches trial in from 15 to 18 months after it is at issue. In Wyoming, such a trial is undertaken within six months from the time it is at issue. The statute of limitations for the two jurisdictions as applied to the cause of action is not a factor. If the action were tried in California, Code of Civil Procedure section 361 determines which law to apply. It provides: "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."

Clearly, any statutory bar in Wyoming must also be a bar to the California proceeding. The Wyoming law, wherever the cause is tried, will apply.

■ We have, in considering the petition of OMC, determined that the following factors compel application of the doctrine of inconvenient forum and dismissal.

1. OMC is amenable to personal jurisdiction and process in Wyoming as the alternative forum.

2. The convenience of the parties and witnesses to the accident is best served in the locale of their residence. The accident occurred in Wyoming and the site is available for viewing by a Wyoming trier of fact.

3. No party involved would be prejudiced or inconvenienced by any conflict of law rules. As between California and Wyoming, were the action tried in this jurisdiction, the provisions of Code of Civil Procedure section 361 make applicable the Wyoming law.

4. The principal place of business of OMC is in Nebraska. It carries on business operations in each of the 50 states. A forum in California rather than Wyoming would impose a serious inconvenience upon defendant. The relative expense to OMC of defending the action in this state would exceed the cost of a proceeding in Wyoming by $10,000.

5. None of the events giving rise to the cause of action occurred in the State of California; the product or instrumentality alleged to be the cause of the accident was not manufactured, sold or designed in this state.

6. No party to the action will be substantially disadvantaged by pursuing the action in the Wyoming forum.

7. The factual description of the accident resulting in the death of decedent indicates that a view of the accident site in Wyoming would not only be helpful, but probably necessary.

8. Any judgment entered in the action will be enforceable by process issued or other enforcement proceedings undertaken in either this state or any other state, including Wyoming.

9. Nothing suggests any fact or factors indicating a benefit to the people of this state if the trial were pursued here. On the contrary, the cost to the taxpayers for a trial in which the forum has no interest is unwarranted and excessive.

10. California process may not compel attendance of Wyoming witnesses. Plaintiff's expert witness presumably is available at plaintiff's counsel's call, and will respond to a request to appear in Wyoming without subpoena.

11. In a proceeding of this nature, a fair trial is more likely assured in the locale of the accident, the residence of decedent's surviving heirs.

12. Administrative difficulties and other inconveniences from crowded calendars and congested courts are more probable in this jurisdiction. Additionally, it is inequitable to impose the obligation of jury duty on a forum having little or no interest in the litigation.

13. The inconvenience to the defendant, the court, and the jurors hearing the case is greatly enhanced by the probability of the presentation of a substantial amount of testimony by deposition.

14. California has little, if any, interest in this litigation. The only local connection with this case is the residence of plaintiff's counsel and expert witness, and the nominal defendant France. Only these persons will be inconvenienced by trial in Wyoming.

We conclude that the failure of the trial court to apply the doctrine of *forum non conveniens* was an abuse of discretion. There is an obvious absence of any legitimate interest to be served by a trial in Sacramento. The ends of justice and fairness to litigants, courts, and taxpayers require that the action be tried in Wyoming.

By reason of the foregoing, petitioners' request that we vacate the respondent court's discovery order is rendered moot. Moreover, petitioners have failed to offer argument or citation of authority in support of that request. In addition, the order made by the respondent court specifically reserved to the petitioners their right to file objections to the interrogatories and have those objections considered by the trial court.

Let the peremptory writ of mandate issue directing dismissal of the action.

Paras, J., concurred.

**PUGLIA, P. J.**—I concur in the judgment. In my view, however, the opinion of the court does not place sufficient emphasis on the public, as distinguished from the private, impact of these plaintiffs' choice of forum. Certainly, the balance of private interests among the litigants argues strongly for a change of forum to Wyoming. Even more compelling in the circumstances of this case, however, is the broader public interest in protecting finite judicial resources from exploitation and reserving them for litigants with a legitimate claim upon them.

A clearer more obvious case than this for vindication of the public concern with the choice of forum will seldom be found. The accident happened in Wyoming. The plaintiff-widow, her deceased husband and his other heirs have at all relevant times been residents of Wyoming. The estate has no property in California other than the cause of action in the underlying action. Neither research, design, development, testing or production of the trackster took place in California, nor were operating instructions or other writings pertaining to the product prepared in or disseminated to the deceased from California.

The individual defendant, France, had no contact, direct or indirect, with the deceased. He had no knowledge of the accident. He made no sales of tracksters to the deceased or anyone else in Wyoming and played no role in its design, research, testing, development or production. His presence in Wyoming three months after the fatal accident as an observer at a demonstration of the trackster's maneuverability in snow conditions was coincidental and unconnected with the events described in the complaint. Plaintiffs' contention that France is liable as a member of a conspiracy actively to conceal defects in the trackster from the deceased and others is untenable, since agents and employees of a corporation cannot conspire with the corporation while acting in their official capacities on behalf of the corporation. (*Zumbrun* v. *University of Southern California* (1972) 25 Cal.App.3d 1, 12 [101 Cal.Rptr. 499, 51 A.L.R.3d 991].)

The trial court denied France's motion for summary judgment without prejudice to its renewal when the case is at issue and discovery completed. While that ruling is not in issue here, it cannot obscure the fact that France is at most a nominal defendant and in all likelihood no more than a mere witness. Accordingly, his residence in California adds nothing to the equation for determining the proper forum.

444

The public interest factors demanding consideration in a *forum non conveniens* determination have been the subject of comment by our highest courts. In *Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501 [91 L.Ed. 1055, 67 S.Ct. 839], the United States Supreme Court stated: "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a . . . case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." (At pp. 508, 509 [91 L.Ed. at pp. 1062-1063].)

More pungently, our Supreme Court recently observed that "California's appetite for litigation must not be so gluttonous as to compel it to engage in the trial of causes that are . . . more conveniently resolved elsewhere, . . ." (*Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 862 [126 Cal.Rptr. 811, 544 P.2d 947].) Unlike the case at bar, the *Archibald* case involved a bona fide California plaintiff with whose access to a California forum the court was justly concerned. There the court pointed out that the doctrine of *forum non conveniens* "reflects an overriding state policy of assuring *California* residents an adequate forum for the redress of grievances." (P. 859.) (Italics added.) Not so obvious is the capacity of the doctrine to further that overriding state policy where, as here, California has no interest in providing a forum to any of the litigants before the court. In such a case, however, it is the rights of the class of resident litigants, present and prospective, which are protected by application of the doctrine of *forum non conveniens,* which thus insures that those litigants having a legitimate claim to a California forum will not be denied access thereto by interlopers who have preempted the available resources.

There is another dimension to the problem that requires brief mention. Indiscriminate availability of the California courts to causes of no concern locally is manifestly unfair to overburdened taxpayers who fund the judicial system as well as to citizens whose time is condemned for jury duty at personal financial sacrifice.

For the foregoing reasons the doctrine of *forum non conveniens* should be applied to prevent the importation of transitory causes of action into this state for trial. (See *Price* v. *Atchison T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577, 583-584 [268 P.2d 457, 43 A.L.R.2d 756].)

A petition for a rehearing was denied July 14, 1976, and the petition of the real parties in interest for a hearing by the Supreme Court was denied September 8, 1976.