Filed 6/26/15 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BRANDON R. DAVID et al., | B254914 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC510542) |
| v. | |
| MEDTRONIC, INC., et al., | **ORDER MODIFYING OPINION** [There is no change in judgment] |
| Defendants and Respondents, | |

GOOD CAUSE appearing, the opinion filed June 12, 2015, in the above entitled matter is hereby modified as follows:

1.      Page 9, delete the sentence that reads: "On appeal, defendants do not argue that Dr. Michelson was *directly* involved with Infuse, but suggest that Dr. Michelson may have indirectly endorsed or promoted Infuse, in that Medtronic's website states that Infuse incorporates technology developed by Dr. Michelson."

And replace it with the following sentence: "On appeal, plaintiffs do not argue that Dr. Michelson was *directly* involved with Infuse, but suggest that Dr. Michelson may have indirectly endorsed or promoted Infuse, in that Medtronic's website states that Infuse incorporates technology developed by Dr. Michelson."

[end of modifications]

There is no change in judgment.

_____
RUBIN, ACTING P.J.                    FLIER, J.                    BOREN, J.[*]

_____

[*]    Presiding Justice of the Court of Appeal, Second Appellate District, Division 2, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/12/15  (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BRANDON R. DAVID et al., | B254914 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC510542) |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants and Respondents, | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Terry A. Green, Judge.  Reversed in part and affirmed in part.

The Miller Firm and Curtis G. Hoke for Plaintiffs and Appellants.

Kirkland & Ellis, Luke L. Dauchot, Nimalka R. Wickramasekera, Sharre Lotfollahi and Sierra Elizabeth for Defendant and Respondent Gary K. Michelson, M.D.

Reed Smith, Michael K. Brown, Lisa M. Baird, David J. de Jesus and Kasey J. Curtis for Defendants and Respondents Medtronic Inc., Medtronic Sofamor Danek USA, Inc., Medtronic Vertelink, Inc., Wyeth Pharmaceuticals, Inc. and Pfizer Inc.

_____

When a defendant moves to dismiss a multi-defendant action for forum non conveniens, the defendant is required to establish that an alternative forum exists in which the action could be brought against all defendants. (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 433 (*American Cemwood*).) If this rule is enforced without exception, an enterprising plaintiff could preclude a forum non conveniens dismissal by naming an additional defendant over whom the alternative forum could not exercise jurisdiction. The question raised by this case is whether the presence of a so-called "nominal defendant" can prevent the remaining defendants from obtaining a forum non conveniens dismissal when, in the absence of the nominal defendant, the action can and should be pursued in alternative forums. We conclude that the presence of a nominal defendant cannot defeat a forum non conveniens dismissal which should otherwise be granted.

That situation occurred in this case, and the trial court granted the forum non conveniens motion in favor of all defendants, including the nominal defendant, resulting in an effective dismissal of plaintiffs' claims against the nominal defendant. We conclude that the trial court correctly granted the forum non conveniens dismissal in favor of all other defendants, but erred in dismissing the plaintiffs' action against the nominal defendant. Instead, the court should have severed the action against the nominal defendant and allowed it to proceed in California. We therefore affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Allegations of the Complaint*

This case is a products liability action regarding a medical device known as Infuse. The precise details of the use of Infuse, and plaintiffs' injuries, are unnecessary to the resolution of this appeal. Broadly speaking, Infuse consists of two parts: a genetically engineered protein that stimulates bone growth (protein); and a metal cage used as a scaffold to house the protein and provide a framework for the bone growth (cage). Infuse

2

was approved by the Food and Drug Administration (FDA) for use in a limited class of spinal fusion surgeries. Plaintiffs are 37 patients who had Infuse implanted in off-label uses that had not been approved by the FDA. These off-label uses included different classes of spinal fusion surgeries and implantation of the Infuse protein without the Infuse cage. Plaintiffs alleged injuries including, but not limited to, back pain, nerve damage, and abnormal bone growth. One plaintiff, Brandon David, is a California resident; the rest of the plaintiffs live in different states.

The plaintiffs named multiple defendants. The first three defendants were Medtronic, Inc., and two other Medtronic entities; Medtronic is the corporation that manufactured and sold Infuse. Plaintiffs named Wyeth, Inc. and two other Wyeth-related entities; Wyeth was alleged to have developed the protein and sold it to Medtronic. While Medtronic and Wyeth do business in California, and are subject to jurisdiction here, neither is a California corporation.[1] As the Medtronic and Wyeth entities took identical positions before the trial court and this court, we refer to them collectively as Medtronic. Broadly speaking, plaintiffs allege that Medtronic is liable for their injuries on the basis that it was aware of the dangers of off-label use of Infuse, but nonetheless widely promoted its off-label use.

Finally, plaintiffs named Dr. Gary K. Michelson as a defendant.[2] Dr. Michelson was not an employee of Medtronic. However, plaintiffs allege that the cage was "invented, in part, by Dr. Michelson." Plaintiffs' complaint alleges that Infuse was "promoted, invented, marketed and designed, in part, by" Dr. Michelson. As we shall discuss, defendants would ultimately offer evidence that Dr. Michelson had no involvement in the manufacture or marketing of Infuse; he simply had several patents on devices that formed the basis for the Infuse cage. Dr. Michelson is a resident of Los

---

[1]    One of the Medtronic entities is a California corporation, but, according to the undisputed evidence, it has no operations in California and had nothing to do with Infuse.

[2]    Plaintiffs named four other individual defendants who are not at issue in this appeal.

3

Angeles, California. Medtronic and Dr. Michelson argue that Dr. Michelson was named as a defendant solely to keep the case in California state court.

2.    *Medtronic's Three-Pronged Attack*

Medtronic believed that each individual plaintiff's case against it would depend on such unique facts as the specific representations made to that plaintiff's surgeon, and the plaintiff's medical condition before and after the surgery. The documents and witnesses to these facts would be in each plaintiff's home state. Medtronic also believed that each plaintiff's home state's law would govern that plaintiff's claim. Therefore, Medtronic sought orders requiring each plaintiff to litigate against it in his or her home state. This was done through three simultaneous motions: (1) a motion to sever each plaintiff's case from that of the other plaintiffs; (2) a motion to dismiss the case of each plaintiff, except David (the California plaintiff), on the grounds of forum non conveniens; and (3) a motion to transfer venue of David's case to Sacramento, where he lives.

Severance was sought on two bases. First, Medtronic argued that the plaintiffs were improperly joined under Code of Civil Procedure section 378, the statute pertaining to permissive joinder. Second, Medtronic argued that, even if plaintiffs were properly joined, the interests of judicial economy weighed in favor of severance within the court's discretion under Code of Civil Procedure section 379.5. In opposition, plaintiffs argued that their claims were properly joined under the permissive joinder statute, but addressed Medtronic's discretionary severance argument at best superficially.[3]

Medtronic's forum non conveniens motion argued that each plaintiff's home state was an available alternative forum, and that the public and private factors considered in a forum non conveniens analysis weighed in favor of plaintiffs' proceeding in their home states. In order to establish that the home states were available forums, Medtronic consented to jurisdiction in each plaintiff's home state, and agreed to toll the statute of

---

**3**    Plaintiffs' opposition did not specifically cite to or discuss Code of Civil Procedure section 379.5. Plaintiffs did, however, briefly argue that joinder in this case was not "unfair."

4

limitations for the time that this action was pending in California.**4** Dr. Michelson did not consent to jurisdiction in the plaintiffs' home states, and Medtronic made no effort to establish that jurisdiction could be established over him in those courts. Instead, Medtronic argued that the other states were available forums for this action even if they had no jurisdiction over Dr. Michelson, because Dr. Michelson was a nominal defendant whose presence should make no difference to the available forum analysis. Medtronic proffered evidence that Dr. Michelson had no involvement in the creation, design, promotion or marketing of Infuse. Plaintiffs opposed the forum non conveniens motion on the basis that Medtronic had not met its burden to establish that any alternative forum existed, because it failed to establish that any alternative forum had jurisdiction over *all* defendants, including Dr. Michelson. Plaintiffs did not make any argument, or introduce any evidence, to establish that Dr. Michelson was not, in fact, a nominal defendant. Plaintiffs argued that the public and private factors weighed in favor of keeping the case in California.

After full briefing and a hearing, the trial court granted all three of Medtronic's motions.**5** The court severed the plaintiffs from each other both because permissive joinder standards had not been met and in the interests of justice. The court granted forum non conveniens dismissal on the basis that each plaintiff's home state was an available alternative forum, and the public and private factors weighed in favor of pursuing the actions in the plaintiffs respective home states. As to Dr. Michelson, the court concluded that the claims against him were nominal, and therefore dismissed those claims. With plaintiff David being the only remaining California plaintiff, the court granted Medtronic's motion to transfer that case to Sacramento where David lived.

---

**4**    At oral argument on appeal, Medtronic agreed to toll the statute of limitations for an additional 60 days from the time our opinion becomes final..

**5**    The record does not indicate that Dr. Michelson joined in any of Medtronic's motions. At the hearing, counsel for Dr. Michelson argued only that Dr. Michelson agreed that he was a nominal defendant.

5

Plaintiffs filed a timely notice of appeal.  Although the notice of appeal was filed in the name of "Plaintiffs Brandon R. David, et al.," plaintiffs' briefing on appeal indicates that only the non-California plaintiffs are actual appellants.  Plaintiff David continues to pursue his action in Sacramento.  Further references to "plaintiffs" refer only to the plaintiff-appellants.  Plaintiffs challenge the trial court's order granting both the severance and the forum non conveniens motions.[6]

## DISCUSSION

1.    *Granting the Severance Motion Was Not Error*

With respect to plaintiffs' appeal of the order granting severance, Medtronic first argues that a severance order is not appealable.  Plaintiffs argue that the severance order is reviewable in this appeal, as an intermediate ruling that necessarily affects the appealable forum non conveniens dismissal.  (Code Civ. Proc., §§ 904.1, subd. (a)(3), 906.)  Plaintiffs are correct.  In order to succeed on its forum non conveniens motion, Medtronic had to establish an alternative forum existed and was a better forum for pursuit of the action.  That showing could not be made until each plaintiff's action was severed from each other plaintiff's action.  Until that point, no single alternative forum existed.

The trial court granted severance on two bases.  First, the court concluded that joinder was not permissive under Code of Civil Procedure section 378.  Second, the court concluded that severance was justified in the interests of justice under Code of Civil Procedure section 379.5.  That section provides, "When parties have been joined under Section 378 . . . , the court may make such orders as may appear just to prevent any party from being embarrassed, delayed, or put to undue expense, and may order separate trials or make such other order as the interests of justice may require."  On appeal, plaintiffs challenge the first basis for the trial court's severance order, but make no argument that the order was not a proper exercise of the court's discretion under Code of Civil

---

[6]    On appeal, Medtronic seeks judicial notice of certain rulings and stipulations in actions brought by other Infuse plaintiffs against Medtronic.  As none of these documents are relevant to our consideration of this appeal, we deny the request for judicial notice.

Procedure section 379.5. As plaintiffs have failed to argue against this second, independent ground for the trial court's severance order, they have waived that argument, and any error the court may have made in concluding joinder was not permissive is necessarily harmless.

In any event, were the issue properly before us, we would find the court did not err in concluding the standards for permissive joinder were not met. Plaintiffs may be joined when they assert a right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." (Code Civ. Proc., § 378, subd. (a)(1).) While a common question of law or fact may exist in this case, plaintiffs' claims do not arise out of the same transaction or series of transactions. Plaintiffs in other proceedings have been found to be within the "series of transactions" language when they alleged a single scheme, depending on the same basic misrepresentations and leading to a series of transactions exactly similar in kind and manner of operation. (*Anaya v. Superior Court* (1984) 160 Cal.App.3d 228, 232.) This occurs, for example, when all plaintiffs were led to purchase property in the same subdivision based on identical misrepresentations about the property. (*Aldrich v. Transcontinental Land and Water Company* (1955) 131 Cal.App.2d 788, 791-792.) This may also occur when plaintiffs were all exposed to the same harmful chemicals at the same location. (*Anaya,* at p. 233.) Here, the only common factor is that plaintiffs each had Infuse, or the Infuse protein, implanted in them. Plaintiffs do not allege, for example, that they each had the same class of spinal surgery, based at least in part on the same representation, and that the Infuse failed in each of them in the same way. On the contrary, they had different surgeries, performed by different surgeons, with different knowledge and exposure to different representations by Medtronic. This is not sufficient. (Cf. *In re Prempro Products Liability Litigation* (E.D.Ark. 2006) 417 F.Supp.2d 1058, 1060; *In re Rezulin Products Liability Litigation* (S.D.N.Y. 2001) 168 F.Supp.2d 136, 145-146.)

2.    *Forum Non Conveniens Dismissal Was Appropriate as to Medtronic but not as to Dr. Michelson*

We now turn to the principal issue in this case, the propriety of the forum non conveniens dismissal.  Preliminarily, it is helpful to identify which issues are and are not properly before the court.  A trial court ruling on a forum non conveniens motion must address two factors:  (1) whether an alternative forum exists; and (2) whether the private and public factors weigh in favor of litigation in the alternative forum.  (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).)  The trial court in this case found that alternative forums existed (the plaintiffs' home states) and that the factors favored litigation in those forums.  On appeal, plaintiffs challenge only the first finding; they do not question the trial court's weighing of the factors and its conclusion that the alternative forums were preferable.[7]

Also, the issue of whether Dr. Michelson was, in fact, a nominal defendant is not before us.  Although plaintiffs make some argument on this issue on appeal, they made no such argument before the trial court, content to argue only the legal issue that *all* defendants, including nominal ones, must be subject to jurisdiction in an alternative forum in order for it to be available.  More to the point, no one contends that Dr. Michelson is a primary defendant in this case.  Medtronic introduced evidence that Dr. Michelson was not involved in the creation, design, promotion or marketing of Infuse.

---

[7]    There is a single exception.  In California case law, it is established that a California plaintiff's choice of California as a forum is accorded great weight, but an international plaintiff's choice of California as a forum is not entitled to the same preference.  (*Stangvik, supra,* 54 Cal.3d at pp. 754-755.)  The issue of how much weight should be given a by a non-California, U.S. resident plaintiff's choice of California is a matter of dispute.  (Compare *Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 610-611 [affording a non-resident's choice of California "great weight"] with *National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 929 [granting a non-resident's choice of California "due deference" but not a strong presumption].)  Plaintiffs argue that their choice of California as a forum should have been afforded great weight.  There is no need for us to stake out an opinion in this dispute.  As plaintiffs do not otherwise challenge the trial court's weighing of the factors, the amount of weight to be given plaintiffs' choice of forum is simply not before us.

On appeal, defendants do not argue that Dr. Michelson was *directly* involved with Infuse, but suggest that Dr. Michelson may have indirectly endorsed or promoted Infuse, in that Medtronic's website states that Infuse incorporates technology developed by Dr. Michelson. Under certain circumstances, an endorser may, in fact, be liable. (*Hanberry v. Hearst Corp.* (1969) 276 Cal.App.2d 680, 683 [one who endorses a product for economic gain and for the purpose of inducing the public to buy it is liable to a purchaser who acts in reliance on the endorsement and is injured because the product is not as represented].) However, it is apparent that establishing liability against Dr. Michelson on this theory will be something of an uphill battle for plaintiffs and, more importantly, it will be a battle ancillary to the main war of whether Medronic is liable for plaintiffs' Infuse-related injuries.

Thus, this case squarely presents the issue of whether the existence of a nominal defendant, over whom jurisdiction cannot be established in the proposed alternative forum, can defeat a forum non conveniens motion which should otherwise be granted.

Prior to the California Supreme Court's 1991 opinion in *Stangvik*, the forum non conveniens analysis involved a trial court's balancing of up to 25 different factors. (*Celotex Corp. v. American Ins. Co.* (1987) 199 Cal.App.3d 678, 683.) Although the existence of a suitable alternative forum was identified as one of the " 'most important' " factors, it was still just one of many. (*Ibid.*) In *Stangvik*, the Supreme Court concluded that the availability of a suitable alternative forum was not simply a factor to be considered in the balancing test, but a threshold inquiry that must be satisfied before the court could proceed to the balancing test. (*Stangvik, supra,* 54 Cal.3d at pp. 751-752 & fn. 3.) In order for an alternative forum to be suitable, there must be jurisdiction and no statute of limitations bar to hearing the case on the merits. (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036-1037.) A trial court's determination on the threshold

9

issue of the suitability of an alternative forum is generally reviewed de novo.**8** (*American Cemwood, supra,* 87 Cal.App.4th at p. 436.)

The moving defendant has the burden of proof on a motion for forum non conveniens. (*Stangvik, supra,* 54 Cal.3d at p. 751.) Thus, a moving defendant seeking to establish an alternative forum is suitable must show that *all* defendants are subject to jurisdiction in the proposed alternative forum. (*American Cemwood, supra,* 87 Cal.App.4th at p. 433.) There is some limited flexibility. In a case with 200 defendants, the moving defendants were not required to establish that the alternative forum had jurisdiction over all 200. Instead, the court *stayed* the action in California (rather than dismissing it) and allowed the case to proceed in the alternative forum, with the understanding that the stay would be lifted if the alternative forum did not, in fact, have jurisdiction over all defendants. (*Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 758.) That, however, is a unique situation. When the moving defendant seeks dismissal of an action for forum non conveniens, and there is a reasonable number of defendants, the moving defendant must establish jurisdiction exists in the alternative forum over all defendants. (*American Cemwood,* at pp. 439-440.)

Medtronic argues that there is an exception when one of the defendants is a nominal defendant. In such a case, Medtronic argues, it is unnecessary to establish jurisdiction over the nominal defendant in the alternative forum in order to obtain a dismissal for forum non conveniens. Medtronic relies on *Outboard Marine Corp. v. Superior Court* (1976) 59 Cal.App.3d 434 (*Outboard Marine*) for this conclusion. But *Outboard Marine* predated *Stangvik*; it was concerned only with the balancing of all forum non conveniens factors and it did not consider the availability of an alternative forum as a threshold determination. In the course of considering one factor, California's interest in the litigation, the *Outboard Marine* court simply stated that the only party

---

**8** When the proposed alternative forum is in another country, the forum is not suitable if litigants cannot obtain fundamental justice in that country. (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 698.) If such a determination is at issue, the trial court can take evidence on the suitability of the alternative forum, and the court's conclusion is reviewed for substantial evidence. (*Id*. at p. 696.)

10

inconvenienced by trial in the alternative forum was a nominal California defendant, and did not find this factor to outweigh the other factors in favor of the alternative forum. (*Id.* at p. 442.) *Outboard Marine* established no nominal defendant exception to the requirement that a moving forum non conveniens defendant must establish that all defendants are subject to jurisdiction in the alternative forum for the simple reason that the requirement did not exist in California law at the time of *Outboard Marine*.

No California case has discussed whether there is a nominal defendant exception to this rule. However, analogous federal cases considering the issue have concluded that a plaintiff cannot defeat a motion to transfer merely by naming a nominal defendant who is not subject to jurisdiction in the transferee court.[9] (*Wild v. Subscription Plus, Inc.* (7th Cir. 2002) 292 F.3d 526, 531 ["there is no absolute bar to the transfer of a multidefendant suit to a district in which one of the defendants cannot be served"]; *Wyndham Associates v. Bintliff* (2d Cir. 1968) 398 F.2d 614, 619 [plaintiffs should not be permitted to preclude a court from transferring in the interest of justice "by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing"].) Although the governing federal statute indicates that a case may only be transferred to a district "where it might have been brought," federal courts have not permitted a plaintiff to escape a transfer merely by including as a defendant a party who cannot be sued in the transferee court, but is of no real importance to the outcome of the case. (*Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc., supra,* 512 F.Supp.2d at p. 1175.)

---

[9]     Because a federal district court has the power to transfer an action to another district court, forum non conveniens motions in federal court are motions to transfer, not motions to dismiss. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." (28 U.S.C. § 1404(a).) The "might have been brought" language is similar to California's suitability requirement. A case could not have been brought in a court that does not have jurisdiction over the parties. (*Encyclopedia Britannica. v. Magellan Navigation* (W.D.Wis. 2007) 512 F.Supp.2d 1169, 1172.)

11

Federal courts have disagreed, to some degree, over the proper disposition of the nominal defendant. As the Seventh Circuit has explained, allowing the transfer "leaves the question whether a defendant in a multidefendant suit who cannot be served can be forced to defend in the transferee district or, as most cases hold, must be severed from the rest of the suit and the suit against him either dismissed or (better, to avoid the running of the statute of limitations) transferred back to the district in which the suit was first filed or to a district in which service upon him is possible." (*Wild v. Subscription Plus, Inc., supra,* 292 F.3d at p. 531.) Only two options are available in California; state courts cannot transfer the action to the alternative forum, but must either dismiss the entire action for forum non conveniens or sever the nominal defendant and allow the action to continue to proceed against him in California. We believe the latter course is the only reasonable option. Were it otherwise, the nominal defendant – who may, in fact, be liable – would escape liability on nothing more than the moving defendant's showing that he is at best only peripherally liable, but is not subject to suit in a more convenient forum for pursuit of the main action. As explained by the Sixth Circuit, "If in fact plaintiffs' claims . . . against [the nominal defendants] do not have a valid legal foundation, then plaintiffs' causes of action against said defendants are proper subjects for dismissal pursuant to summary judgment or directed verdict. However, these defendants cannot be dismissed from the instant litigation simply because the trial judge *sua sponte* determined that they are not as important as the 'primary' defendant." (*Watson v. Merrell Dow Pharmaceuticals, Inc.* (6th Cir. 1985) 769 F.2d 354, 357; see also *Wyndham Associates v. Bintliff, supra,* 398 F.2d at p. 618.)

In this case, the trial court dismissed the actions against all defendants, including the nominal defendant, Dr. Michelson. In this, the trial court erred. It should have dismissed the actions on forum non conveniens grounds against Medtronic, but severed the plaintiffs' action against Dr. Michelson and allowed it to proceed in California.[10] We

---

**10**     We note that although Medtronic moved to sever each plaintiff's claim against Medtronic from each other plaintiff's claim against it, Dr. Michelson did not move to sever each plaintiff's claim against him from each other plaintiff's claim against him.

12

sought additional briefing on whether we could direct such a disposition on remand. Plaintiffs argue that severance would result in a duplication of actions, with plaintiffs pursuing Medtronic in their home states but Dr. Michelson in California. As we have discussed, however, plaintiffs' claims against Dr. Michelson are only peripherally related to their claims against Medtronic. We see little risk of duplication and, in any event, the alternatives are either dismissal of Dr. Michelson entirely or pursuit of plaintiffs' actions against Medtronic in an inconvenient forum. Plaintiffs, of course, may choose to dismiss Dr. Michelson if they wish.[11]

## DISPOSITION

The order of dismissal on forum non conveniens is affirmed in part and reversed in part. To the extent the order dismisses Medtronic, the order is affirmed. To the extent the order dismisses Dr. Michelson, it is reversed with directions to the trial court to sever the plaintiffs' action against Dr. Michelson and allow it to proceed in California. The parties are to bear their own costs on appeal.


                                        RUBIN, ACTING P. J.
WE CONCUR:



        FLIER, J.                                    BOREN, J.[*]

---

(E.g., *Moe v. Anderson* (2012) 207 Cal.App.4th 826, 834 [multiple plaintiffs may be properly joined as against one defendant, but improperly joined as against another].) Thus, the trial court never considered whether each plaintiff must proceed separately against Dr. Michelson.

[11]     We do not address whether the transfer of plaintiff David's action to Sacramento affects the proper venue for the other plaintiffs' claims against Dr. Michelson.

[*]     Presiding Justice of the Court of Appeal, Second Appellate District, Division 2, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.