Filed 2/18/16  Delaware North Co. v. Superior Court CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DELAWARE NORTH COMPANIES, INC., et al. | B266433 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC570287) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| KEVIN P. O'CONNOR, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Terry A. Green, Judge.  Granted with directions.

Seyfarth Shaw, James M. Harris and Joshua A. Rodine for Petitioners.

No appearance for Respondent.

AlvaradoSmith, William M. Hensley; Law Offices of Barry B. Kaufman and Barry B. Kaufman for Real Party in Interest.

_____

## INTRODUCTION

Petitioners Delaware North Companies, Inc. and Delaware North Companies Travel Hospitality Services, Inc. (collectively, Delaware North) seek a writ of mandate compelling the respondent court to vacate its denial of their motion to stay or dismiss the action based on inconvenient forum. Respondent court initially granted the motion, finding that the action should be litigated in New York. But then, based on its belief it lacked "discretion," the court granted real party in interest Kevin O'Connor's motion for reconsideration and denied the motion to stay or dismiss. Because the respondent court mistakenly believed it lacked discretion to grant the motion, we grant the petition with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.      Factual background.

Delaware North is a global food service and hospitality company that owns and operates sports and entertainment venues in, for example, casinos, racetracks, and national parks. Its venues include the Los Angeles International and Ontario airports. Delaware North Companies and its subsidiary, Travel Hospitality Services, are incorporated in Delaware and headquartered in Buffalo, New York. Delaware North's chief executive officer and chairman are "officed" and reside in or around Buffalo.

Travel Hospitality Services employed O'Connor as chief operating officer from September 20, 2011 until January 2014, when he was terminated. O'Connor relocated from California to New York to take the job with Travel Hospitality Services. His office was in Delaware North's corporate offices in Buffalo. When he accepted the job, O'Connor signed an "associate repayment agreement," agreeing to reimburse Travel Hospitality Services for his relocation expenses if he was employed for less than one year.[1]

---

[1]      "Associate further agrees that Company shall be entitled to all costs associated with the collection of Transfer Costs from Associate by Company, including, but not limited to, attorneys' fees, collection agency fees, court costs, etc. and that this Agreement shall be governed by the laws of the State of New York and all disputes

After he was fired, O'Connor returned to California.

## II.     Procedural background.

### A.     *O'Connor sues Delaware North.*

In January 2015, O'Connor filed a complaint alleging that Delaware North discriminated against him on the basis of his age, in violation of California's Fair Employment and Housing Act.  He also alleged that Delaware North violated Labor Code section 970, made negligent misrepresentations that induced him to accept the job, and failed to pay him a bonus in violation of Labor Code sections 201 and 203.  Against individual defendants Kurt Clausen and Steve Tomes, employees of Delaware North, O'Connor alleged defamation.

### B.     *Delaware North moves to dismiss or to stay the action.*

Delaware North moved to dismiss or to stay the action based on inconvenient forum, arguing the matter should be litigated in New York.  Delaware North argued that New York would have jurisdiction over the claims and parties, including Clausen and Tomes, who consented to be subject to personal jurisdiction in New York; that it would agree to toll any New York limitations periods during the pendency of the California action plus 30 days; and that New York provided adequate remedies for O'Connor's claims.  Delaware North also argued that the balance of public and private interests weighed in favor of New York being the forum for the action.  Those interests included that Delaware North was headquartered in Buffalo; O'Connor was interviewed and employed there; the documentary evidence was there; the majority of known witnesses, including six individuals identified in the complaint, were Buffalo-based; and Clausen and Tomes, Delaware North employees, regularly travel to Buffalo and expressly consented to jurisdiction in Buffalo.

O'Connor opposed the motion, arguing that, as a California resident, there was a strong presumption in favor of his chosen forum, and New York was not a suitable forum

between Company and Associate shall have jurisdiction in the State of New York and venue in Erie County, which the parties agree is the most convenient forum for the purposes of enforcing this Agreement."

because the remedies available under New York law on some of his claims were not as generous; for example, punitive damages were not available for discrimination claims.

Delaware North replied that there was not a strong presumption in favor of the California forum because New York would be unsuitable only if it offered no remedy at all for O'Connor's claims.

C.    *The trial court grants the motion.*

On June 15, 2015, the trial court granted Delaware North's motion. It concluded that New York was a suitable alternative forum, because it had jurisdiction over O'Connor's claims arising from his employment in that state, the individual defendants consented to jurisdiction over them in New York, and New York laws provided an adequate remedy for O'Connor's claims. The court also found that the balance of private and public interests strongly favored a New York forum because the alleged misconduct occurred while O'Connor was a resident of and working in New York. In addition, the court "placed importance" on O'Connor's choice of forum, as well as the parties' forum selection clause in the associate repayment agreement.[2]

D.    *O'Connor moves for and the trial court grants reconsideration.*

O'Connor moved for reconsideration, relying on its submission of the associate repayment agreement as the "new or different fact." He argued that the agreement automatically terminated after one year of working at Delaware North, and therefore the court erred by relying on the forum selection clause. O'Connor also cited a recently published case, *David v. Medtronic, Inc.* (2015) 237 Cal.App.4th 734 (*Medtronic*).

Delaware North responded that the associate repayment agreement was not a new or different fact, because O'Connor had it in his possession all along,[3] and that *Medtronic* did not establish a new rule of law applicable to this case.

---

[2]    The trial court did not have the agreement, because it was inadvertently not submitted with Delaware North's motion.

[3]    O'Connor denied that the agreement had been produced.

4

At the hearing on the motion, the trial court continued to believe that the balance of private and public interests favored a New York forum and that at least the wrongful termination cause of action was "clearly a New York case." But the court concluded it had "no discretion" to stay the defamation and Labor Code section 970 cause of action, under *Medtronic*. Based on its conclusion that at least part of the case had to remain in California, the court, to avoid splitting the case in half and trying it twice, denied the motion for inconvenient forum.

      E.      *Delaware North petitions this court for a writ of mandamus.*

On August 28, 2015, Delaware North filed its petition for a writ of mandamus. On September 24, 2015, we issued an order and alternative writ of mandate directing the respondent court to vacate its order denying Delaware North's motion to stay or dismiss the action for forum non conveniens and to make a new and different order granting the motion and staying the California action. By letter dated October 14, 2015, Delaware North informed us that the respondent court did not intend to vacate its order.

## DISCUSSION

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*); see also Code Civ. Proc., § 410.30.) To determine whether to dismiss an action based on forum non conveniens, the trial court first determines whether the proposed alternative forum is a suitable place for trial. (*Stangvik,* at p. 751.) "If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Ibid.*) "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the

5

local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid.*)

Although the grant or denial of a motion to dismiss or stay an action for forum non conveniens is within the trial court's discretion subject to substantial deference on review (*Stangvik, supra,* 54 Cal.3d at p. 751), the trial court's determination on the threshold issue of the suitability of an alternative forum is reviewed de novo (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436 (*Cemwood*); *Stangvik,* at p. 752, fn. 3; *Medtronic, supra,* 237 Cal.App.4th at p. 743). Because the only issue before us is the threshold one, our review is de novo.

On reconsideration, the respondent court found it could not stay or dismiss the action under *Medtronic. Medtronic* involved multiple plaintiffs and several defendants, including a "nominal defendant," a California resident allegedly sued only to keep the case in California state court. The trial court in *Medtronic* granted the primary defendants' motion to sever each plaintiff's case so that it could be tried in his or her home state, all suitable alternative forums, and dismissed the entire action based on forum non conveniens, including the action as to the nominal defendant. *Medtronic* upheld the severance and dismissal orders, except as to the nominal defendant. The case against the nominal defendant should have been severed and allowed to proceed in California. *Medtronic* thus concluded that the existence of a nominal defendant, over whom jurisdiction cannot be established in the proposed, alternative forum, cannot defeat a forum non conveniens motion which should otherwise be granted. (*Medtronic, supra,* 237 Cal.App.4th at p. 742.)

*Medtronic*'s nominal defendant rule does not apply here. There is no contention Tomes and Clausen are nominal defendants. And, unlike the nominal defendant in *Medtronic*, Tomes and Clausen *consented* to personal jurisdiction in New York. Even if we assumed that Tomes and Clausen were nominal defendants, their consent to receiving service of summons in New York makes that state a suitable forum as to *all* defendants. (See, e.g., *Cemwood, supra,* 87 Cal.App.4th at pp. 438-439; *Medtronic, supra,* 237 Cal.App.4th at p. 743 ["a moving defendant seeking to establish an alternative forum

6

is suitable must show that *all* defendants are subject to jurisdiction in the proposed alternative forum"]; see *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1529 [defendants stipulated to submitting to personal jurisdiction in Hawaii].) *Medtronic* did not deprive the respondent court of "discretion" to grant the forum non conveniens motion.

O'Connor asserts that New York is nonetheless an unsuitable forum because Labor Code section 970,[4] concerning false promises to induce acceptance of employment in another state, is an "unwaivable statutory right."[5] It appears that the trial court agreed, because it said it had "no discretion" with respect to Labor Code section 970. Courts have found, in the context of deciding the enforceability of arbitration agreements, that Labor Code section 970 is an unwaivable statutory claim. (*Fittante v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708, 715-716 [mandatory arbitration of employee grievances must be capable of vindicating the statutory right protected by Lab. Code section 970]; *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 179-180 [same].)

But in the context of evaluating New York's suitability as a forum, whether Labor Code section 970 can be waived is not a determinative factor, under a traditional forum non conveniens analysis.[6] (See *Investors Equity Life Holding Co. v. Schmidt, supra,*

---

[4] Labor Code section 970 provides in relevant part: "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form . . . ." A violation of Labor Code section 970 is a misdemeanor. (Lab. Code, § 971.)

[5] O'Connor filed, on February 5, 2016, a request for judicial notice of The New York City Human Rights Law. We take judicial notice of that law. (Evid. Code, § 452, subd. (a).)

[6] The parties discuss at length whether Labor Code section 970 is "unwaivable," citing cases involving choice of law and/or forum selection clauses. (See, e.g., *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141.) In a case where a non conveniens motion is based on a mandatory, as opposed to permissive, forum selection clause, the

7

195 Cal.App.4th at p. 1530; *Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 696.) Rather, "[a]n alternative forum is suitable if it has jurisdiction and the action in that forum will not be barred by the statute of limitations." (*Guimei,* at p. 696.) A "forum is suitable where an action 'can be brought,' although not necessarily won." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132.) It is unnecessary that the alternative forum, to be suitable, provide "equivalent relief." (*Ibid.*; see also *Boaz v. Boyle & Co.* (1995) 40 Cal.App.4th 700, 711 ["that a plaintiff will be disadvantaged by the law of that jurisdiction, or that the plaintiff will probably or even certainly lose, does not render the forum 'unsuitable' in this analysis"].) Rather, the alternative forum, to be suitable, must merely afford "some remedy." (*Stangvik, supra*, 54 Cal.3d at pp. 753-754, fn. 5.) Only when the alternative forum provides no remedy at all—for example, a foreign dictatorship lacking an independent judiciary or due process of law—is suitability an issue. (*Investors Equity Life Holding Co. v. Schmidt,* at p. 1530 [unavailability of jury trial and inability of plaintiffs to proceed on their unfair competition cause of action not determinative of whether Hawaii was a suitable alternative forum]; *Guimei,* at p. 697, and cases cited therein.)

New York can provide O'Connor with "some remedy," if not the remedy he might get in California. That is all the suitable alternative forum prong requires. There being

court will consider whether application of the clause is unfair or unreasonable (*id.* at p. 147; *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358), a consideration which includes determining whether deferring to the alternative forum would substantially diminish the rights of California residents in a way that violates state public policy (*Verdugo,* at p. 147). But "[a] permissive forum selection clause is subject to traditional forum non conveniens analysis to determine whether the designated forum is a suitable alternative forum and whether the balancing of various private and public interest factors favors retaining the action in California. These traditional forum non conveniens factors are not considered when a mandatory forum selection clause exists." (*Verdugo*, at p. 147, fn. 2; see also *id.* at pp. 161-162; *Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 472.) Although O'Connor's associate repayment agreement contained a forum selection and/or choice of law clause, respondent court did not rely on it in making its threshold decision at the reconsideration hearing. To the extent that clause was relevant, it was relevant to the balancing of public and private interests, an issue we do not address. (*Verdugo,* at p. 147, fn. 2.)

no dispute New York would have jurisdiction over O'Connor's action, and given Delaware North's agreement to toll any New York limitations periods and Tomes's and Clausen's consent to personal jurisdiction in New York, New York is a suitable forum. The respondent court, however, erroneously concluded it had no "discretion" to grant the motion. As we explained, nothing in *Medtronic* deprived the respondent court of "discretion" to grant, or deny, the motion.

We therefore grant the petition with the direction that the respondent court retains its discretion to balance the private interests of the litigants and the interests of the public in retaining the action for trial in California. We express no opinion as to whether the motion for forum non conveniens should be granted or denied.

**DISPOSITION**

The petition for writ of mandamus is granted with the direction to the respondent court to vacate its order denying petitioners' motion to stay or dismiss the action for forum non conveniens and to reconsider its order in accordance with the views expressed herein.  Petitioners shall recover their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, Acting P. J.



We concur:



LAVIN, J.



JONES, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.