Filed 12/13/22 Campofiore v. Coyote Logistics CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANTHONY CAMPOFIORE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COYOTE LOGISTICS, LLC et al., <br><br> Defendants and Respondents. | F082114 <br><br> (Super. Ct. No. BCV-18-102108) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Stephen D. Schuett, Judge.

Ferguson Case Orr Paterson and Wendy C. Lascher for Plaintiffs and Appellants.

Emerson ⋅ Church Law and Ryan D. Libke for Defendant and Respondent Luberski, Inc.

Lewis Brisbois Bisgaard & Smith, Jeffrey A. Miller, Tracy D. Forbath, Cary L. Wood, Philip N. Blanco, and Ernest Slome for Defendants and Respondents Coyote Logistics, LLC and United Parcel Service, Inc.

-ooOoo-

This wrongful death action arises from a fatal traffic accident that occurred in Indiana. The plaintiffs brought an Indiana action against Indiana-based defendants and a California action against California-based defendants, who included the truck driver who ran a stop sign and his employer. After two out-of-state entities that do business in California were added to the California action in place of Doe defendants, one of those defendants filed a motion to dismiss this lawsuit on the ground that California is an inconvenient forum. (Code Civ. Proc., § 410.30, subd. (a).)[1] After the driver, his employer, and a third Bakersfield-based defendant settled, the trial court granted the motion and dismissed the case.

Under California law, a moving party defendant asserting California is an inconvenient forum must prove that (1) the alternate forum is suitable and (2) the public and private interests at stake weigh in favor of the alternate forum. An alternate forum is suitable only if all defendants are subject to jurisdiction in that forum and the plaintiff's claims are not barred by any statute of limitations defense.

The remaining defendants sought to establish Indiana was a suitable forum by signing a written stipulation in which they (1) agreed only to jurisdiction in the specific Indiana case filed by plaintiffs against the Indiana-based defendants and (2) included a condition requiring plaintiffs to pursue their claims in that Indiana case within 30 days of dismissal of this lawsuit. Before the trial court granted the motion, the Indiana case was settled and dismissed with prejudice.

Based on our independent review, we conclude the moving defendant did not carry its burden of demonstrating Indiana is a suitable forum. It is doubtful the stipulation's condition for proceeding in a specific Indiana case can be satisfied because that case against the Indiana-based defendants has been dismissed with prejudice. In addition, more than 30 days have passed since the trial court filed its order of dismissal.

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

2.

Furthermore, the representations made in court do not constitute an unequivocal agreement by all four remaining entities to accept that an Indiana court has personal jurisdiction over them. Thus, the moving party defendant did not carry its burden.

We therefore reverse the judgment.

## FACTS

*The Accident*

On December 9, 2016, Melissa Campofiore was killed in a traffic accident in Portland, Indiana. Melissa's car struck the side of a semi-trailer being hauled by a Kenworth tractor driven by defendant Buta Singh. Immediately before the collision, Buta Singh had run a stop sign and entered the intersection into the path of Melissa's vehicle. During his deposition, Buta Singh testified that he "missed the stop sign" and the car hit the side of the trailer. His testimony was confirmed by a police report, which stated the skid marks and measurements showed the tractor-trailer entered the path of Melissa's car after failing to stop at the intersection's stop sign.

*Defendants*

At the time of the accident, Buta Singh was on his way to defendant Minnich Poultry, LLC's (Minnich Poultry) production facility in Portland, Indiana to pick up a shipment of eggs for defendant Luberski, Inc., a California corporation (Luberski). Luberski is a California food wholesaler that does business as Hidden Villa Ranch and its principal offices are in Fullerton, California.

A September 2014 supply agreement set forth the terms under which Minnich Poultry agreed to supply Luberski with eggs from its Portland facility. The agreement stated "that it is the responsibility of [Luberski] to arrange for the deliveries of all Shell Eggs sold hereunder. Each week's Shell Egg shipments shall be made in accordance with a shipping schedule to be agreed upon in writing by the parties during the preceding week." Luberski is registered with the Federal Motor Carrier Safety Administration (FMCSA) as a contract carrier.

To arrange for transportation of the egg shipment relevant to this litigation, Luberski contacted a freight broker it had used in the past—defendant Coyote Logistics, LLC (Coyote). Coyote is (1) an authorized broker registered with the FMCSA; (2) a Delaware limited liability company with offices in Chicago; and (3) a wholly-owned indirect subsidiary of defendant United Parcel Service, Inc., an Ohio corporation (UPS). Coyote and UPS do business in California. The written shipping instructions sent by Luberski to Coyote stated the eggs were to be picked up on December 10, 2016, and delivered to Norco, California.

After being contacted by Luberski about the egg shipment, Coyote contracted with Union Trans Inc. to transport the shipment. Union Trans Inc. is registered with the FMCSA as a contract carrier, and its business address is on Stoney Peak Lane in Bakersfield.[2]

Union Trans Inc. needed to cover the load and contacted defendant Road Liner Logistics, Inc. Road Liner Logistics is a California corporation registered with the FMCSA as a common carrier, and its business address is on Golden State Avenue in Bakersfield.

Next, Road Liner Logistics contacted defendant Sukhwinder Singh, who does business as Pride Transportation, to see if he was able to accept the load. At the time of

---

[2]    Union Trans Inc. is a California corporation assigned corporate number C3770712 by the California Secretary of State. The Secretary of State's Web site states the corporation was suspended on June 29, 2021. A suspended corporation may transact no business of any kind, including prosecuting or defending an action in a California court. (Corp. Code, § 2205, subd. (c); *Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361, 1365–1366.) Thus, until its corporate status is reinstated, Union Trans Inc. may not appear in court and oppose the request to add it as a Doe defendant in this lawsuit—a request that will be pending after remand because it was not ruled upon before UPS's motion to dismiss due to an inconvenient forum was granted.

In addition, we note that an attorney who knowingly represents a suspended corporation and conceals the suspension is subject to sanctions. (*Palm Valley Homeowners Assn., Inc. v. Design MTC* (2000) 85 Cal.App.4th 553, 563.)

the accident, Sukhwinder Singh employed about five drivers, he was registered with the FMCSA as a common carrier, and he conducted business from his home in Bakersfield. Sukhwinder Singh testified Road Liner Logistics was "doing dispatch" for him and that he had a written agreement with it to act as a subhauler. The subhaul agreement stated Sukhwinder Singh would furnish transportation services as an independent contract, not as an employee.

Sukhwinder Singh advised Road Liner Logistics that he could transport the load. He then contacted Buta Singh, his employee, with instructions for picking up the eggs. Buta Singh was on his way to the Minnich Poultry facility at the time of the accident. The Kenworth tractor he was driving was owned by Sukhwinder Singh.

## PROCEEDINGS

### *The Indiana Lawsuit*

In June 2018, Anthony Campofiore filed a wrongful death action in Indiana on behalf of himself, his wife Melissa's estate, and their two sons who were passengers in the car at the time of the collision. The defendants named were Minnich Poultry; Jan and Ilze Koch; the Jay County Highway Department, the Jay County Commissioners, and the City of Portland.

The complaint alleged (1) Minnich Poultry was negligent in retaining Buta Singh and others to transport its goods; (2) Jay and Ilze Koch owned property adjacent to the intersection and overgrown vegetation on their property obstructed Melissa's ability to see the tractor-trailer approaching the intersection; and (3) the Jay County Highway Department, the Jay County Commissioners, and the City of Portland failed to maintain a reasonably safe roadway and intersection.

After discovery, plaintiffs dismissed Minnich Poultry and other defendants from the Indiana action, since they were shown to have no involvement in the accident, leaving only the Koches and Jay County as defendants. A mediation was then held on August 11, 2020, between plaintiffs, the Koches, and Jay County and resulted in a settlement. The

mediator filed a report with the court stating a settlement agreement was signed. The parties filed a stipulation to dismiss the case with prejudice. After reviewing the stipulation, the Indiana trial court entered an order dismissing the case with prejudice on August 28, 2020.

*The California Lawsuit*

In August 2018, about two and a half months after filing the Indiana action, Anthony Campofiore filed a complaint for damages in Kern County, on behalf of himself and as guardian for his four minor sons. The causes of action alleged were for wrongful death, negligence, negligent hiring and selection, vicarious liability, and emotional distress by a bystander. The defendants named were (1) Buta Singh; (2) Sukhwinder Singh doing business as Pride Transportation; (3) Road Liner Logistics; and (4) Hidden Villa Ranch Produce—a fictitious business name used by Luberski. Thus, when the complaint was filed in Kern County, all named defendants were either California residents or California corporations with offices in California.

In June 2019, plaintiffs amended the complaint to substitute Coyote and UPS in place of two Doe defendants. Plaintiffs alleged these two entities did business in California.

In August 2019, UPS filed a demurrer and Coyote filed an answer. In October 2019, after the trial court ruled on the demurrer, UPS filed an answer.

On December 19, 2019, UPS filed a motion to dismiss based on forum non conveniens or, alternatively, to stay the proceedings. At that time, the Indiana action was still pending. The motion to dismiss was supported by a stipulation signed by Luberski, Coyote, and UPS. The stipulation stated they would agree to jurisdiction in Indiana if certain conditions were met. The text of the stipulation is set forth in part II.B. of this opinion. The hearing on UPS's motion to dismiss was set initially for February 5, 2020, and was later reschedule for February 26, 2020.

On February 14, 2020, Buta Singh and Sukhwinder Singh filed a motion for order determining that their settlement with plaintiffs was in good faith for purposes of sections 877 and 877.6. The motion asserted Buta Singh and Sukhwinder Singh were insured under a single policy with a combined limit of $1,000,000. The motion also asserted Road Liner Logistics' insurance company had denied coverage under its policy, but as part of the settlement was tendering the amount of $750,000, subject to an order of good faith settlement and approval of petitions for minors' compromise. As a result, all available insurance funds for these three defendants had been tendered to resolve plaintiffs' claims against them.

Both UPS's motion to dismiss and the motion to determine whether the settlement was in good faith were set for March 19, 2020. Before that hearing was held, the COVID-19 pandemic affected the court's schedule and the hearing was continued again.

In April 2020, plaintiffs filed a first amended complaint with nine causes of action. The content of those causes of action are not relevant to the suitability issue addressed in this opinion.

On May 18, 2020, plaintiffs filed a request to amend the complaint by inserting Union Trans Inc. in place of a Doe defendant. This request created additional issues relating to the suitability of Indiana as an alternate forum—specifically, whether an Indiana court would have jurisdiction over the Bakersfield-based corporation and whether the statute of limitations would bar any claims brought against Union Trans Inc. in Indiana.

On June 24, 2020, the trial court held a hearing on the motion to determine good faith settlement and UPS's motion to dismiss. The court denied the motion to determine good faith settlement without prejudice due to the absence of facts necessary to complete the required analysis. The court's tentative ruling was to grant UPS's motion to dismiss, but the court ordered the action stayed to allow the settling defendants to file another motion under section 877.6.

In explaining its tentative ruling to dismiss because of an inconvenient forum, the trial court stated that, under Indiana rule, it did not seem likely that plaintiff "would be able to bring these Defendants into the Indiana case through amendment which relates back to the complaint. [¶] However, any failure to properly bring or to initially name them as Defendants would appear to be the fault of Plaintiff[s] in that they knew that those Defendants existed from the traffic collision report. [¶] The forum was available for Plaintiffs from the start, but they failed to name Defendants when they filed the Indiana suit. That said, the statute of limitations against these Defendants would be a bar to Indiana jurisdiction. [¶] In this case, the other [i.e., nonsettling] Defendants have agreed to waive statute of limitations."[3] In response to this explanation, plaintiff's counsel stated Union Trans Inc. (which appeared to be excluded from the court's analysis) had been sued and served but had not entered an appearance. Counsel argued that "one way or the other, there will be a statute of limitations problem with respect to Union" Trans Inc. in Indiana.

On July 21, 2020, Road Liner Logistics, Sukhwinder Singh, and Buta Singh filed a renewed motion for good faith settlement. That motion was heard on August 20, 2020. Before the hearing occurred, plaintiffs and the defendants in the Indiana action conducted the August 11, 2020 mediation that resulted in a settlement. On August 18, 2020, plaintiffs filed a request to vacate the stay issued in the California action, relying in part on the fact the Indiana action had been settled. On August 20, 2020, the trial court heard and granted the renewed motion for good faith settlement.

On August 25, 2020, the trial court held a case management conference at which issues relating to UPS's motion to dismiss were discussed. An attorney representing Union Trans Inc. made a special appearance by CourtCall. The attorney representing

---

**3** Defendants have cited no rule of law providing that it was improper for an out-of-state plaintiff to sue Road Liner Logistics, Sukhwinder Singh, and Buta Singh (the defendants based in Bakersfield) in their home state.

UPS and Coyote referred to "our status conference statement stating that the Defendant [Union] Trans [Inc.] has stipulated to jurisdiction in Indiana as well" and asserted that all remaining nonsettling defendants had "stipulated jurisdiction in Indiana." Counsel for Trans Union Inc. did not confirm or deny this assertion, which did not mention the statute of limitations. Subsequently, the court asked plaintiff's counsel if the defendants had waived the statute of limitations and counsel reply: "I understand they waived it. But what does that mean in the s[ens]e that it is retroactive? We have to start anew. I just don't know. And I don't know how Indiana law will approach that."

Counsel for UPS and Coyote also stated he had not received a copy of plaintiffs' request to vacate stay and related declaration, which were filed on August 18, 2020. The trial court stated it would give counsel an opportunity to review and respond to that request, continued the matter to October 9, 2020, and set deadlines for the opposition and plaintiffs' reply. One of the issues to be addressed was the impact of the imminent dismissal of the settled Indiana action.

On August 28, 2020, three days after the case management conference, the Indiana trial court entered an order dismissing the Indiana action with prejudice. On September 18, 2020, UPS and Coyote filed their response to plaintiffs' request to vacate the stay. That response argued there were no statute of limitations issues because all of the remaining defendants had stipulated to jurisdiction in Indiana. The response did not distinguish between stipulating to jurisdiction and waiving the statute of limitations, an affirmative defense.

At the October 9, 2020 case management conference, the trial court addressed UPS's motion to dismiss due to an inconvenient forum. The court noted its earlier tentative ruling to grant the motion had been delayed for rulings on the good faith settlement motions and the petitions for minor's compromise. Because those rulings had been made, the court announced its tentative to dismiss the matter without prejudice and then heard argument from counsel. Plaintiffs' counsel argued that Luberski and Union

9.

Trans Inc. were California corporations,[4] none of the four defendants were residents of Indiana, and the claims against the remaining defendants were for negligent hiring and selection of a California carrier—a theory of liability that did not require Indiana law enforcement personnel to testify about the collision. After hearing argument, the court adopted its tentative ruling and stated, "the matter will be dismissed without prejudice." The court did not explain why it did not stay the dismissal until notified that an action had been successfully instituted in Indiana against the four remaining entities—UPS, Coyote, Luberski, and Union Trans Inc.

Counsel for UPS and Coyote prepared the written order granting the motion to dismiss and the court signed and filed the order on October 21, 2020. In December 2020, plaintiffs filed a timely appeal.

## DISCUSSION

### I. BASIC LEGAL PRINCIPLES

The equitable doctrine of forum non conveniens was codified by the Legislature's enactment of section 410.30, subdivision (a): "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

In 1991, our Supreme Court adopted a two-step analysis for determining whether to grant or deny a motion brought on the ground of forum non conveniens. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) First, the court must determine whether the proposed alternate forum is a suitable place for trial. (*Ibid.*) Second, if the alternate forum is suitable, the court must weigh and balance "the private interests of the

---

**4** Counsel referred to Union Trans Inc. as a defendant, but the request to add that entity in place of one of the Doe defendants had not been ruled upon by the trial court. Because the dismissal was granted, no ruling on the request was made.

litigants and the interests of the public in retaining the action for trial in California." (*Ibid*.)  The moving party defendant bears the burden of proof.  (*Ibid*.)

A different standard of review applies to each step.  The threshold issue of the alternate forum's suitability is a nondiscretionary legal question subject to de novo review.  (*Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1483; *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1464.)  In contrast, the second step of weighing and balancing the public and private factors involves the exercise of discretion and, as a result, appellate courts give "substantial deference" to the trial court's determination.  (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)  In conducting an abuse of discretion review, appellate courts ask whether the determination is "within the range of options available under governing legal criteria in light of the evidence before [the trial court]."  (*Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 758, disagreed with on other grounds in *National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 933.)

II.     SUITABILITY OF THE ALTERNATE FORUM

        A.      Principles Defining Suitability

An alternate forum is suitable if it has jurisdiction and there is no statute of limitations bar to hearing the case on the merits.  (*David v. Medtronic, Inc.* (2015) 237 Cal.App.4th 734, 743.)  Thus, " 'the suit will be entertained, no matter how inappropriate the [California] forum may be, if the defendant cannot be subjected to jurisdiction in other states.  The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state.' "  (*Stangvik*, *supra*, 54 Cal.3d at p. 752.)  Generally, where there are multiple defendants, the moving party defendant "must show that *all* defendants are subject to jurisdiction in the proposed alternative forum."  (*David*, *supra*, at p. 743.)  In *Stangvik*, the courts of Sweden and

11.

Norway were shown to be suitable forums for the trial of the case because the "[d]efendants stipulated that they would submit to jurisdiction in Sweden or Norway, respectively, as well as to the tolling of the statute of limitations during the pendency of the actions in California." (*Stangvik*, *supra*, at p. 752.)

  B. <u>Terms of the Written Stipulation to Jurisdiction</u>

  With the foregoing principles in mind, we turn to the written stipulation signed by UPS, Coyote and Luberski in 2019 and submitted in support of UPS's motion. The operative paragraph of the stipulation reads:

> "*If, and only if*, this California case is dismissed in its entirety pursuant to Defendant, UNITED PARCEL SERVICE, INC.'s Motion to Dismiss, the defendants who have signed below by and through their attorneys of record, agree to jurisdiction in Plaintiff's currently pending Jay County, Indiana State Court case (38D01-1806-CT-000010) *if Plaintiffs* pursue that case against these defendants within 30 days of dismissal of this California case." (Italics in original.)

  This language contains conditions, limitations and ambiguities. For purposes of this appeal, we consider only (1) the limitation in which the signatories agree to jurisdiction in a specific Indiana case and (2) the condition that the claims be pursued within 30 days of dismissal.

  First, the agreement to jurisdiction in Jay County Superior Court case No. 38D01-1806-CT-000010 does not assure the signatory defendants will accept jurisdiction of an Indiana court because the case where they agreed to jurisdiction was dismissed with prejudice on August 28, 2020. Consequently, the stipulation as written does not compel them to accept jurisdiction in a newly filed Indiana lawsuit. Furthermore, UPS and Coyote were aware that the Indiana action had been settled yet did not submit a new written stipulation with their response to plaintiff's request to vacate the stay before or at the October 9, 2020 case management conference.

  Second, the order dismissing the California action was signed and filed by the trial court on October 21, 2020. A condition in the stipulation required plaintiff to pursue case

No. 38D01-1806-CT-000010 against the signatory defendants "within 30 days of dismissal of this California case." Friday, November 20, 2020, was 30 days from when the dismissal order was filed. Consequently, the deadline given in the stipulation expired approximately two years ago. Because their timing condition cannot be met, the signatory defendants can easily argue to an Indiana court that their stipulation is no longer enforceable and blame plaintiffs for delaying the litigation by pursuing this appeal rather than an action in Indiana. We note the importance of the timing condition to the stipulating defendants is shown by the fact they chose to italicize the words "*if Plaintiffs*" immediately before the text "pursue that case against these defendants within 30 days."

Consequently, based on our independent review of the written stipulation, we conclude UPS has not carried its burden of demonstrating Indiana is a suitable forum. The stipulation's explicit case limitation and timing condition render it doubtful that all four entities will accept an Indiana court as personal jurisdiction over them. As a result, UPS's motion to dismiss must be denied. As for the representations made in court about submitting to jurisdiction in Indiana, the record contains no representation from someone entitled to act on behalf of Union Trans Inc. that it will not rely on the limitations or conditions in the written stipulation. (See *David v. Medtronic, Inc.*, *supra*, 237 Cal.App.4th at p. 743 [moving party defendant "must show that *all* defendants are subject to jurisdiction in the proposed alternative forum"].)

C.     Other Issues

Based on the foregoing conclusions, we do not reach the issue of whether Union Trans Inc., a California corporation based in Bakersfield, is bound by an agreement to submit to jurisdiction in Indiana. In the record presented, we have located no written document in which that corporation or its attorney expressly agreed to jurisdiction. In addition, the reporter's transcripts provided do not reflect an oral statement by the

13.

corporation's attorney agreeing to jurisdiction. It is uncertain whether the oral statements by counsel for UPS would be binding on Union Trans Inc.

In addition, we do not reach the other aspect of the suitability analysis—that is, whether all defendants have waived the statute of limitations defense. We note that UPS and Coyote incorrectly argued in papers filed in the trial court that no statute of limitations issues existed because all the remaining defendants stipulated to jurisdiction in Indiana. California case law establishes that jurisdiction and the statute of limitations, which is an affirmative defense, are different concepts. As a result, stipulations or agreements sufficient to establish the suitability of an alternate forum refer to both elements. (E.g. *Stangvik*, *supra*, 54 Cal.3d at p. 752 ["Defendants stipulated that they would submit to jurisdiction in Sweden or Norway, respectively, as well as to the tolling of the statute of limitations during the pendency of the actions in California"]; *Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1186 [both defendants stipulated to jurisdiction in Switzerland and to waive any statute of limitations defense]; see also, *Martin Oil Marketing Ltd. v. Kartzioris* (Ind. 2009) 908 N.E.2d 1183, 1187 ["statute of limitations is an affirmative defense that must be both pleaded and proven by the party asserting it"].)[5]

Also, we do not reach the issue of whether the trial court abused its discretion or committed legal error in the second step of the inconvenient forum analysis, which requires weighing and balancing the public and private factors involved. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

---

[5] We recognize that UPS, Coyote and Luberski contend they also have represented in court that they have waived the statute of limitations defense. We note the record does not contain a waiver of the statute of limitations by Union Trans Inc.

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order granting the motion to dismiss and to enter a new order denying the motion. Plaintiffs shall recover their costs on appeal.

FRANSON, J.

WE CONCUR:


LEVY, ACTING P. J.


SMITH, J.